PITT COOKE *v.* THE STATE NATIONAL BANK OF BOSTON, impleaded with CHARLES MELLEN, CHARLES H. WARD and EDWARD CARTER.

(GENERAL TERM, FIRST DISTRICT, JANUARY, 1870.)

On the application for removal of a cause, from a State into the federal court, under § 12 of the U. S. judiciary act of 1789 (1 U. S. Stat. at large, 79; 1 Bright. Dig., 128), all the defendants were required to join. Per BRADY, J.

*Norton* v. *Hayes* (4 Denio, 245); *Vandervoort* v. *Palmer, Cook & Co.* (4 Duer, 677); and *Livingston* v. *Gibbons* (4 John. Ch., 94), explained. Id.

A like application, under the Law of 1867 (14 U. S. Stats. at large, 558), upon the ground, that from prejudice, or local interest, justice cannot be obtained in the State court, is improperly granted, when made by one of several defendants.

And where an application has been so made by one defendant only, and

Cooke *v*. The State National Bank of Boston.

bonds have been furnished and accepted, and an order of removal granted, the error will be corrected on appeal.

So held, on appeal from an order, granted on application made, after issue joined, motion to dissolve attachment denied, the cause noticed and on the calendar for trial, and other proceedings had therein.

Whether the statute authorizes such an application to be made by a corporation, quere. Per INGRAHAM, J.

THIS appeal originally came before the General Term on appeal from a Special Term order, which granted a motion made by the defendant, The State National Bank of Boston, to remove the action into the Circuit Court of the United States for the southern district of New York.

The motion was founded upon an affidavit and petition, accompanied by bonds executed in form as required by the statute (14 U. S. Statutes at large, 558), and served with the following notice upon the plantiff's attorneys.

Title, &c.

GENTLEMEN.—Please to take notice, that on the annexed affidavit, petition and bond (copies of which are herewith served upon you), I will move this court, at a Special Term, to be held at the chambers thereof, at the city hall in the city of New York, on the third Monday of December, 1868, at twelve o'clock, noon, of that day, or as soon thereafter as counsel can be heard, for an order to transfer, remove and transmit the above entitled action, as far as the State National Bank of Boston is concerned, together with all process, pleadings, depositions, testimony and other proceedings therein, tc the Circuit Court of the United States for the southern district of New York.

Dated December 10, 1868.

Yours, &c.,

JOHN H. PLATT,

*Attorney for the Defendant, The State*

*National Bank of Boston.*

To Messrs. BURRILL, DAVISON & BURRILL,

*Plaintiff's Attorneys.*

The affidavit and petition, were as follows, viz. :

Title, &c.

Cooke *v.* The State National Bank of Boston.

CITY OF BOSTON, COUNTY OF SUFFOLK, } *ss:*
    *State of Massachusetts,*

We, Amos W. Stetson, the President, James P. Thorndyke, Samuel T. Dana, Abner Kingman, James McGregor, Daniel N. Spooner, John Field, Joshua Stetson, James P. Melledge, and Robert M. Mason, directors of the State National Bank of Boston, a banking association under the laws of the United States, located at Boston, county of Suffolk, commonwealth of Massachusetts, severally, upon information and belief, do declare, and upon oath say, that a suit instituted by Pitt Cooke, of the city, county and State of New York, is now pending against the said State National Bank of Boston, in the Supreme Court, city, county and State of New York; and we do, each for himself, severally, on oath, say, that at the time of the commencement of this action, to wit, on the sixth day of March, in the year eighteen hundred and sixty-seven, and prior thereto, we and the president and other officers of said banking association, were, each of us, citizens of the State of Massachusetts, and have ever since continued to be and now are citizens of said State, and residents thereof. We also, each for himself, severally do declare, and upon oath say, that we have reason to believe, and severally do believe, that from prejudice and local influence, the said State National Bank of Boston, will not be able to obtain justice in the said suit in the said State court.

Signed, &c., and duly verified.

Title, &c.

And now the State National Bank of Boston, defendants in the above entitled suit, which is now pending in said Supreme Court, and before the final hearing or trial thereof, come and request, and do present this their petition, that the said suit and copies of all process, pleadings, depositions, testimony, and other proceedings in said suit may be removed and transferred into the Circuit Court of the United States, next to be held within and for the southern district of New York.

Your petitioners aver, that at the time of the commencement of the above entitled suit, Pitt Cooke, the plaintiff therein, was and still is a citizen of the State of New York, the State in which the said suit was instituted and brought, and is now pending. They also aver, that the matter in controversy, and in dispute between the parties, exceeds the sum of $500, exclusive of costs.

Your petitioners also aver, that the said State National Bank of Boston, on the fourth day of April, in the year eighteen hundred and sixty-five, being a corporation under the name of the State Bank, created by a law of the State of Massachusetts, for the business of banking, and having its place of business in the city of Boston, in the State of Massachusetts, did become a banking association under an act of congress, which was approved the 3d of June, A. D. 1864, entitled "an act to provide a national currency secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof," and have ever since continued and remained such association, established and having its place of business in said city of Boston.

Your petitioners present herewith an affidavit, made by the president and directors of the said State National Bank of Boston, in support of this their petition and application for the transfer and removal of the above entitled suit, into the Circuit Court of the United States as aforesaid, to which they refer, and make the same a part hereof.

And your petitioners show to the court, that each and every one of the directors of said bank, and its president and other officers, were, at the commencement of this action, and have continued to be, and now are, citizens of the State of Massachusetts, and residents thereof.

Your petitioners offer, and are ready to give good and sufficient surety, that they will enter in the said Circuit Court of the United States, on the first day of its session, copies of all process, pleadings, depositions, testimony and other proceedings in said suit, and that they will then and

there, appear in the said Circuit Court of the United States, and will then and there answer to the said suit.

(Signed)

THE STATE NATIONAL BANK OF BOSTON, { Seal of State Nat. Bank of Boston. }

by AMOS W. STETSON, *President.*

CITY OF BOSTON, COUNTY OF SUFFOLK, } *ss:*
    *State of Massachusetts,*

Amos W. Stetson, being duly sworn, saith, that he is the president of the State National Bank of Boston; that he has read the foregoing petition subscribed by him as such president, and knows the contents thereof, and that the same is true of his own knowledge, except the matters therein stated on information and belief, and as to those matters he believes it to be true.

(Signed)        AMOS W. STETSON.

Sworn, &c.

(Signed)        A. W. ADAMS,

[L. S.]        *Commissioner for the State of New York.*

The application was resisted by the plaintiff upon the following affidavit:

CITY AND COUNTY OF NEW YORK, *ss:*

Charles D. Burrill, being sworn, says, that he is one of the attorneys for the plaintiff herein.

That the action was commenced on 6th March, 1867, and that the defendant appeared in the action by attorney, and the answer of the defendant herein was served on the 2d day of April, 1867, and that the cause was noticed for trial for the May term, 1867, and was on the calendar for trial for that and succeeding terms, and is still on the calendar.

That on the 8th June, 1867, a notice of motion for the third Monday of June, 1867, to set aside the attachment herein, was received by plaintiff's attorneys, and the motion was argued and denied; and that the defendants appealed to the General Term, and the order was there affirmed and rule entered on 10th day of April, 1868.

That a motion was made by defendants to amend the answer, and such leave was granted, and an amended answer interposed.

That in April, 1867, an order was entered for the issuing of a commission, which was issued in July, 1867, and duly executed and returned in August, 1867, and defendant joined in such commission.

That in August, 1867, defendants issued a commission to Europe to examine a witness in their behalf, and such commission was executed and returned.

That in November, 1867, another commission was issued to Boston, and executed and returned.

That the motion to discharge the attachment was argued in November, 1867, and denied in December, 1867.

That the defendants amended the answer in December, 1867.

That in April, 1868, the order denying motion to set aside the attachment was affirmed on appeal.

That in October term, 1868, the cause being on the calendar, and it appearing likely that it would soon be reached, arrangements were made between the attorneys for the respective parties for setting down the cause for a day certain, to accommodate foreign counsel and witnesses.

That on December 3d, 1868, the order to show cause why the cause should not be transferred to the federal court was received. This deponent, on information and belief denies, that the defendant, the State National Bank of Boston, is a citizen of the State of Massachusetts; but that, as appears from an affidavit of A. W. Stetson, president of defendant, bank, used on the motion to set aside the said attachment, the said bank is a national banking association, for carrying on the business of banking, and created such under and by virtue of the laws of the United States, and was in April, 1865, organized, under the act of congress of June 3d, 1864, entitled "an act to provide a national currency secured by a pledge of United States bonds, and to provide for the circulation and redemption thereof, approved 3d June, 1864."

And that it was authorized by the comptroller of the currency, pursuant to the directions of said act, to commence the business of banking, and that since April, 1865, it was engaged in the business of banking under the said act of congress.

And this deponent further says, that the said bank is not the only party defendant in this action, but that there are three other defendants herein.

Signed, sworn, &c.

The Special Term made an order, " to transfer, remove, and transmit the above entitled action, as far as said bank is concerned, together with all process, pleadings, depositions, testimony, and other proceedings therein, to the Circuit Court of the United States for the southern district of New York," &c.; and also approving of, and accepting the surety given upon the bond offered, and bond itself declared, " that this court will proceed no further in this action as against the said defendants, the State National Bank of Boston."

An appeal was taken from this order to the General Term, where, after hearing before CLERKE, PECKHAM and INGRAHAM, JJ., it was reversed, and the following opinion was given :

By the Court—INGRAHAM, J. This is an appeal from an order directing the removal of the cause to the United States Court, under the act of congress, passed in 1867. This act was amendatory of the act of 1866, but the amendment does not repeal anything contained in the act of 1866 ; but adds to it the provisions of the act of 1867.

In order to remove a cause under the latter act, it appears to be necessary for the party seeking the removal, to make an affidavit that he has reason to and does believe, &c., he will not be able to obtain justice in the State Court, and file the same with a petition, and offer the requisite security for proceeding in such court; and thereupon in actions where the matter in dispute exceeds $500, the State Court is directed to accept the security, and proceed no further in the suit.

It is unnecessary here to decide whether an order of the

State court is necessary for such removal. It is very clear, if the statute is not in all respects complied with, no removal takes place, either with or without such order.

If the amount in controversy does not exceed $500, or if the security offered is not good and sufficient, or if the proper papers are not filed, or the proper affidavit made, no removal takes place.

It appears to me, in the present case, the act has not been complied with. This statute does not provide, as the act of 1866 does, that such removal may take place as to one of the defendants, nor that such application may be made by one defendant without the others. On the contrary, it requires the defendant, against whom the action is brought, or the plaintiff, if he wishes the removal, to make the affidavit. It cannot be pretended that one plaintiff, where there are more than one, can so remove the cause, nor does the law provide for one defendant to remove as to himself. The act evidently contemplates an action between a sole plaintiff and a sole defendant; or, if there are more parties, then all the plaintiffs or all the defendants should unite. The character of the act, its object, and its effect upon litigation in the State courts, is not such as to call for a liberal construction of its privileges. On the contrary, it should be strictly construed, and a party seeking to avail himself of its privileges, must come clearly within its provisions. Such does not appear to be the case here, and while there are other defendants who do not unite in the application, I am of the opinion that one defendant has no right to the benefit of the statute. There is also one objection made to the fact, that the statute does not apply to a corporation, because a corporation cannot make the affidavit required, and the belief of other persons than the defendant is not a compliance with its provisions. The objection is not without weight; and it may well be doubted whether an affidavit, made by one or more of the directors, is a compliance therewith, but it is unnecessary to decide on that question.

It is objected that this cause has been removed by the order of the Special Term, and is now out of this court, and, there-

fore, that an appeal will not lie. Upon the argument, such was my impression; but on further reflection, I am satisfied that such an objection should not be sustained, if the necessary acts to perfect the removal have not been taken. If one defendant cannot remove the cause, or if proper security is not given, then the order was erroneous, and no such removal has taken place, as would prevent the court, on appeal, from correcting the order.

I do not think, under this act, that one defendant can remove the cause without the others; and there is nothing to prevent this court from correcting the order appealed from. The order should be reversed.

A motion was subsequently made for a rehearing, and granted; and thereupon the appeal was reargued by

*John Slosson* and *E. W. Stoughton*, for the appellant.

*John E. Burrill*, for the respondent.

Present—INGRAHAM, BARNARD, and BRADY, JJ.

By the Court — BRADY, J. The application to remove this cause to the United States Court was made under the act of congress, passed March 2, 1867. (2 Brightly Dig., 116; 14 Stat. at Large, 558.) All of the defendants do not unite in it. Under the 12th section of the judiciary act (1 Stat. at Large, 79), it was necessary that all the defendants should join in the application. (*Beardsley* v. *Torrey*, 4 Wash. C. C. Rep., 286.)

It has not been held otherwise in this State. The cases to which we were referred in the argument, namely, *Norton* v. *Hayes*, (4 Denio, 245), *Vandervoort* v. *Palmer, Cook & Co.*, (4 Duer, 677), and *Livingston* v. *Gibbons*, (4 John., Ch. R., 94), seem to have been misunderstood. In the first of these cases the action was for an alleged tort against three defendants. The *capias* was served on one only, the others being returned, not found. The right of the plaintiff to proceed in such an action against one defendant only, was recognized and

declared, and the cause held to be one against the defendant served only. This view was in response to the point taken by the plaintiff's counsel, that all the defendants should have joined in the application. In the second case the action was brought against a firm, of which Palmer was a member, and upon him alone the process was served. The right of the defendant served to apply, was based upon the right of the plaintiff to proceed against him, in this State, and to obtain a judgment which would bind his separate estate, and the property of the partnership. It was not necessary to serve the other defendants. This view was in answer to the objection also taken in that case, that all the defendants should have united in the application to remove the cause. In the third case, it was held that where there is no joint trust, interest, duty or concern in the subject-matter of the controversy, a defendant, who is a resident of another State, may be allowed on his application to appear and defend alone so as to enable him to remove the cause. In none of these cases was it doubted or questioned that all the defendants must unite in the application to remove the cause; and the necessity of that element in the proceeding was conceded. Under the act of congress, passed 27th July, 1866 (14 Stat. at Large, 306), application may be made by one defendant if the action has been instituted or prosecuted for the purpose of restraining or enjoining him, or if the suit is one in which it clearly appears that there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants as parties in the cause. (*Hodgkins et al.* v. *Hayes*, Common Pleas, 1869.) But the action may proceed as to the other defendants. The amendment to this act (2d March, 1867, 14 Stat. at Large, 558), provides that "where a suit is then pending, or may thereafter be brought in any State court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, and the matter in dispute exceeds five hundred dollars exclusive of costs, such citizen of another State, whether he be plaintiff or defendant, if he will make and file in such

State court an affidavit stating that he has reason to and does believe, that from prejudice or local influence, he will not be able to obtain justice in such State court, may at any time file a petition, &c. ;" and on complying with the requirements of the statute as to surety and other appropriate acts, it shall thereupon be the duty of the State court to accept the surety and proceed no further in the suit. The act of 1866, and the amendment thereto, it will be seen, provide for different classes of cases and with different results. The act of 1866 contemplates an application by a defendant, and one of several defendants, if the conditions stated exist, and provides for the continuance of the action as to defendants in the State court, who have not united in the application to remove. The amendment provides for the removal of the action, on application therefor, from the State court, and prohibits any further proceeding therein in such court. The language employed in the act of 1789, and in the amendment to the act of 1866, is substantially the same, and leads to similar conclusions. In the former, the words are: " If a suit be commenced by a citizen of the State in which the suit is brought, against a citizen of another State ; " and in the latter the provision is : " between a citizen of a State in which the suit is brought, and a citizen of another State." The acts of 1866 and 1867 enlarge the time in which the application may be made ; but that does not affect the question under consideration. It seems to be clear, that if a joinder of all the defendants is necessary, under the act of 1789, it is equally necessary under the act of 1867. It may also be remarked here, that the act of 1866 had made provision for the removal of an action from the State courts by one of several defendants, specifying the circumstances which must occur to justify such a proceeding, and for the continuance of the action in the State court as to the other defendants, notwithstanding such removal. The amendment makes no provision for such continuance, and does not in terms, provide for the removal by one of several defendants, and to it must be app ed the maxim, *Expressio unius est exclusio alterius.* This construction of the statute

is reasonable and just.   The defendants who do not unite in the application, should not be compelled to submit to a change in the tribunal before which they have been summoned, if the cause, being removed, may proceed against them in the United States court, as one of original jurisdiction; and if it cannot thus proceed, the plaintiff should not be required to yield the proceeding against them, accomplished by the commencement of this action, in the absence of express authority for such a result.

It is unnecessary to proceed any further in the consideration of the other questions argued, having arrived at the conclusion stated.   The opinion of Justice INGRAHAM, delivered at a former General Term of this court, affirms the right of the plaintiff to appeal, and to be heard upon the propriety of the order of removal.   There is nothing in the case of *Stevens et al.* v. *The Phœnix Fire Ins. Co.*, of Hartford, recently decided in the Court of Appeals, in conflict with the views herein expressed.   In that case the court determined, that the defendants were a non-resident corporation, and that when the statute was strictly complied with, the State court had no further jurisdiction.   The application therein was made under the twelfth section of the judiciary act, and the defendant being a citizen of another State, within the meaning of the act, there was no doubt of the validity of the removal.   Our view is, that the statute does not embrace such applications as is made by the defendant, and that it therefore has no application.

The order of the General Term heretofore pronounced should be affirmed.

Order affirmed.