We agree that this is the proper construction of the statute. There is nothing in either the language or tenor of the provisions of the real property law which indicates an intention on the part of the Legislature to deprive an insane widow of the right given to her to elect whether she will take her dower or the legacy. Her silence or her failure to enter or to commence an action to obtain her dower cannot be construed against her, or as a waiver of her personal privilege. This may not be done in the absence of clear legislative intent to deprive the insane of rights which are, under the law, reserved to them assiduously by the courts. The act of the commission in lunacy in formally filing an election on her behalf to take the testamentary provision in lieu of dower can have no valid effect upon the title which is here the subject of controversy. "It is not to be inferred, without express provision that when, through loss of reason, the waiver can no longer be intelligently made by the widow, a stranger, who may be appointed guardian, may do it in her name, or in his own name as guardian." Pinkerton v. Sargent, supra. This follows as a corollary from the proposition that the right to elect is a purely personal one in the widow.

It is said that by reason of subdivision 2, § 6a, c. 462, p. 1010, Laws 1907, the act of the commission in lunacy in undertaking to elect for the widow was sufficient in that behalf. It is true that this statute vests in the commissioners in lunacy, among other general powers, the right to accept and hold a devise or bequest to any state hospital in trust for the support of an insane person; but the act does not specifically or by inference authorize any election by the commissioners on behalf of a widow in a case of this sort; and, in the absence of clear intent, the courts should not hold the statute sufficiently broad to allow the commissioners to exercise a right which has been given as a personal one to the incompetent.

Our conclusion is that the title offered by the plaintiff is not free from the dower right which might be asserted on behalf of the insane widow, and judgment must be for the defendant under the stipulation cancelling the contract and requiring the plaintiff to return to the defendant the sum of $500 paid on account of the purchase price, together with the costs of this action. All concur.

---

### TIERNEY v. HELVETIA SWISS FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. REMOVAL OF CAUSES—VOID ORDER—EFFECT ON STATE COURT'S JURISDICTION.
   Where an ex parte order was made for the removal from the state Supreme Court to the federal Circuit Court of an action on judgments, but the order was void because of the failure of the petition for removal to show the citizenship of plaintiff's assignors, and no stay of proceedings having been obtained, the Supreme Court did not lose jurisdiction of the case, and properly entered judgment against defendant on default in serving an answer.

2. COURTS—JURISDICTION—ESTOPPEL TO QUESTION.

An order removing a cause from the Supreme Court to the federal Circuit Court being void for failure of the petition for removal to show the Circuit Court's jurisdiction, plaintiff is not estopped from challenging such jurisdiction because he appeared in the Supreme Court and opposed defendant's motion to vacate the order of removal on the ground that the motion should have been made in the Circuit Court, since neither consent nor estoppel can confer jurisdiction upon the federal courts.

3. REMOVAL OF CAUSES—INVALID REMOVAL—EFFECT ON JURISDICTION OF STATE COURT.

No stay of proceedings in a cause in a state court exists under the federal removal statute, unless the removal proceedings are valid, and divest the state court of further jurisdiction and vest it in the federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 209.]

4. JUDGMENT—DEFAULT JUDGMENT—RIGHT TO VACATION.

Defendant in an action on certain judgments obtained an ex parte order for removal to the federal Circuit Court, but it was void for failure of the petition for removal to show jurisdiction in the Circuit Court. No stay of proceedings was had in the state court, and, after recovering a default judgment, plaintiff brought a judgment creditor's action acquiring a lien on a fund held in trust for defendant. The first cause was subsequently remanded by the Circuit Court. *Held* that, while defendant has no absolute right to the vacation of the default judgment, the Appellate Division in exercising a discretion will affirm an order vacating the judgment, after modifying it so that the judgment shall stand as security for any judgment plaintiff may recover, staying proceedings in the judgment creditor's action, thus protecting plaintiff's lien on the trust fund.

Appeal from Special Term, Kings County.

Action by John J. Tierney against Helvetia Swiss Fire Insurance Company. From an order vacating a default judgment, plaintiff appeals. Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Royall Victor, for appellant.

Frederick B. Campbell (Charles M. Turell, on the brief), for respondent.

RICH, J. This appeal is from an order vacating a judgment entered upon default of the defendant in answering, in an action brought to recover the aggregate amount of 14 separate judgments recovered against the defendant by different plaintiffs in the United States Circuit Court for the Northern District of California, and thereafter assigned to the plaintiff, a resident of the state of New York. The record discloses the following facts: The action was commenced on September 25, 1907, in the Supreme Court of Kings county by the service of the summons and complaint upon the superintendent of insurance, as the agent of the defendant—a fire insurance company incorporated under the laws of Switzerland—under the provisions of section 30 of the insurance law (Laws 1892, p. 1945, c. 690). Before defendant's time to answer had expired, and on October 9th following the service, upon petition of the defendant appearing specially for that purpose, an ex parte order was obtained for removal to the Circuit Court of the United States for the Eastern District of New

York, on the ground that the action was between a citizen of the United States residing in the Eastern District of New York and an alien. No stay of proceedings was contained in such order. Upon the receipt of this order, plaintiff's attorneys informed the attorneys for defendant that, as soon as the record was filed, they purposed to move the Circuit Court to remand the case, whereupon the defendant, appearing specially for that purpose, procured an order requiring the plaintiff to show cause at Special Term why the order of removal should not be vacated and set aside, and defendant's time to answer extended seven days. This motion was denied. In the petition upon which the order of removal was procured and in the memorandum submitted by the defendant to the court in support of its motion to vacate and set such order aside, it is admitted that:

"The petition contained an allegation of the citizenship of the plaintiff, the alleged assignee of said judgments, but the formal allegation of the citizenship of the respective assignors, to whose rights the plaintiff claims to have succeeded, seems to have been inadvertently omitted from said petition. * * * It has since been discovered that, while the petition contained the necessary allegations as to the citizenship of the plaintiff and the defendant, a similar necessary allegation as to the citizenship of the plaintiff's assignors was inadvertently omitted. This omitted allegation is a material one, and one necessary to support a removal. * * * We regret to say that the petition for removal was clearly insufficient, in that it omitted the allegation as to the citizenship of the plaintiff's assignors, and therefore this court had no jurisdiction to make the ex parte order. Murphy v. Payette Alluvial Gold Co. (C. C.) 98 Fed. 321."

On October 31, 1907, the plaintiff entered judgment against the defendant, then in default, and issued execution to the sheriff of Kings county which was returned unsatisfied, and on November 2d following the plaintiff commenced a judgment creditor's action against the defendant and the Central Trust Company, in whose possession there is a fund held in trust for the defendant, and by so doing acquired a lien pending the determination of the action. It appears without contradiction that the defendant has applied to the superintendent of insurance for permission to withdraw said fund from said trust company upon the ground that it had settled with all of its policy holders in the United States, within which it intended to do no further business, and that it intended to convey said fund to Switzerland, and that the application was undecided on November 20, 1907. The record of removal was filed by the defendant in the Circuit Court on November 6, 1907, and an answer interposed on November 11th, immediately after which the plaintiff moved to remand the case to the state Supreme Court for lack of jurisdiction, and the defendant moved for leave to amend its petition for removal. In the meantime, and on November 17th, the defendant procured a show cause order returnable at Special Term, requiring the plaintiff to show cause why the judgment entered by it on October 31, 1907, should not be vacated and set aside "as unauthorized and improper under the law and the practice of this court; or, if it shall be determined that the said judgment was properly entered as upon the defendant's default, then that said judgment be vacated and set aside and the defendant allowed to appear and answer the complaint," upon the hearing of which the judgment was vacated abso-

lutely and as matter of right, nunc pro tunc as of the date and time at which it was entered, and the clerk of Kings county was directed to cancel the same of record. On February 3, 1908, plaintiff's motion in the United States Circuit Court to remand was granted and the defendant's motion to amend its petition denied, and such decision was later, on March 5th, confirmed on rehearing.

Upon these facts I think it is clear that the Supreme Court was never divested of the jurisdiction it acquired by the commencement of this action, which has at all times been pending therein. The ex parte order of removal was inoperative and void by reason of the omission to state in the petition upon which it was based the jurisdictional facts necessary to vest jurisdiction in the federal court. In Insurance Company v. Pechner, 95 U. S. 183, 24 L. Ed. 427, the Supreme Court of this state had rendered judgment after an attempted removal. The United States Supreme Court, reviewing the decision, expressly held that, if the removal petition was not sufficient to oust the jurisdiction of the state court, there was no reason why that court might not proceed with the case. To the same effect is Cooke v. State National Bank of Boston, 1 Lans. 494, affirmed 52 N. Y. 96, 11 Am. Rep. 667. Mr. Justice Ingraham, writing for the General Term, says:

"It is unnecessary here to decide whether an order of the state court is necessary for such removal. It is very clear, if the statute is not in all respects complied with, no removal takes place, either with or without such order."

In Powers v. Chesapeake & Ohio Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, it is said that, if the jurisdictional facts are not made to appear upon the record of the state court, it is not authorized to surrender its jurisdiction, and in Fife v. Whittell (C. C.) 102 Fed. 537, that, when the required jurisdictional facts do not appear in the removal proceedings "notwithstanding the proceedings for removal may have brought the papers in the case to the Circuit Court," the state court retains jurisdiction of the cause. In Murphy v. Payette Alluvial Gold Co. (C. C.) 98 Fed. 321, a case quite similar in its facts to the case at bar—the record failing to show citizenship of the plaintiff's assignors—the court says:

"There can be no doubt that upon the record, together with the petition which was filed in the state court, no cause for removal was presented, and that the jurisdiction of the state court could not be thereby divested."

It is contended that by appearance in the Supreme Court, and opposing the defendant's motion to vacate the order of removal upon the ground that such motion should have been made in the Circuit Court, the plaintiff consented to the jurisdiction of the latter court, or at least is estopped from challenging it. The well-settled law that neither consent nor estoppel can confer jurisdiction upon the federal courts is a complete answer to this proposition. Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870; McClaughry v. Deming, 186 U. S. 49, 22 Sup. Ct. 786, 46 L. Ed. 1049; Albany Brewing Company v. Barckley, 70 App. Div. 260, 74 N. Y. Supp. 901. No stay of the plaintiff's proceedings existed under the provisions of the removal statute; for, to have that effect, the re-

moval proceedings must be valid and accomplish their purpose of divesting the state court of further jurisdiction, and vest the same in the federal court. The order of removal contained no stay, and no effort was made to procure a stay by motion. The defendant being in default because of nonservice of an answer, the plaintiff had the legal right to enter judgment against the defendant for the relief demanded and the Supreme Court possessed jurisdiction which was properly exercised. Although the learned Special Term erred in its conclusion that the defendant was entitled as a matter of right to have the judgment taken by the plaintiff vacated, the application was addressed to its discretion as well as upon what was claimed to be an absolute right, and we think the facts presented are such as to require of this court an exercise of its discretion in securing to the defendant an opportunity to present its defense and have the issues heard and determined on the merits, not, however, at the risk to the plaintiff of losing or impairing his lien upon the trust fund in the hands of the Central Trust Company. The result of an affirmance of the order would be to arbitrarily take from the plaintiff—who has been guilty of no wrong—a valuable right which he has acquired as the result of diligence, and would constitute an abuse of discretion which we cannot sanction. The order must be modified so as to provide that defendant shall be given leave to answer, and that the judgment stand as security for any judgment which may be recovered by the plaintiff upon a trial upon the merits, and that all proceedings in the judgment creditor's action be stayed until the final determination of this action.

The order must be modified accordingly, with costs to the appellant. All concur.

---

## DANAHER v. AMERICAN MFG. CO.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

MASTER AND SERVANT—EMPLOYING CHILD—LABOR LAW—INJURY TO CHILD—NEGLIGENCE.

Employing in a factory a child 13 years old, in violation of Labor Law, Laws 1897, p. 477, c. 415, § 70, forbidding a child under 14 years old to be so employed, is sufficient evidence of negligence of the employer to make him liable to the child's parent for loss of her services while laid up by injury from a machine in the factory.

Appeal from Municipal Court of New York.