### SOUTHERN PAC. CO. v. WAITE et al.

(District Court, S. D. California, S. D. February 21, 1922.)

Removal of causes ⚖95—Filing of petition for removal of cause not removable does not effect a transfer of jurisdiction.

The mere presentation of a petition for removal of a suit not shown on the face of the petition and record to be removable does not effect a transfer of jurisdiction, but the state court may proceed as though no petition had been filed, and the federal court, after having determined for itself that the cause was not removable, and remanded the same, is without authority to enjoin enforcement of a judgment rendered in the meantime by the state court.

In Equity. Suit by the Southern Pacific Company against C. E. Waite and others. Decree of dismissal.

On January 19, 1921, C. E. Waite and wife, as plaintiffs, filed their action in the superior court of the county of Los Angeles against the Southern Pacific Company claiming damages as and for goods alleged to have been lost during the course of transportation. Within the time required by law the defendant in that action filed a notice of a petition for removal, together with a petition and bond for removal of the cause, to the United States District Court of this district, together with a demurrer to the complaint. The sole ground upon which removal was sought was that the cause of action was one "arising under the laws of the United States." On February 15, 1921, the petition for removal was by the state court denied, and defendant's demurrer was overruled, with 10 days allowed in which to answer. On February 26, 1921, defendant having failed to answer as required by the order of the state court, its default in that behalf was duly entered. On March 2, 1921, a certified copy of the proceedings had in the state court was filed in this court. On March 4, 1921, upon the default theretofore suffered by the defendant, a trial was had in the state court, and judgment as prayed for was duly rendered in favor of the plaintiffs therein. On April 11, 1921, the

plaintiffs in the action in the state court filed their motion in this court to remand said cause to the state court. After hearing and on the 6th day of August, 1921, the motion to remand was duly granted. Thereafter, on or about the 12th day of September, 1921, the defendant in said cause made a motion before the state court for a vacating of the judgment theretofore rendered on the ground that the superior court had no jurisdiction of the cause and that the judgment was void and on the further ground that the failure on the part of the said defendant to file its answer in said cause was through excusable neglect, etc. Thereafter, on the 19th day of September, 1921, said motion was by the state court denied. On the 22d day of September, 1921, this action was commenced in this court by the said Southern Pacific Company, setting up the facts as above recited and asserting that plaintiffs in the action in the state court were about to proceed to levy execution on the judgment therein rendered, etc., and that in virtue of the facts hereinbefore set out, such judgment was "wholly null and void" in that at and previous to its rendition the superior court of Los Angeles county was without jurisdiction of the cause. This action was brought to obtain an injunction restraining all the defendants herein from taking any steps whatsoever toward the collection or enforcement of said judgment, etc.

W. I. Gilbert, of Los Angeles, Cal., for plaintiff.

Ward Chapman and L. M. Chapman, both of Los Angeles, Cal., for defendants.

BLEDSOE, District Judge (after stating the facts as above). This case lies in very narrow compass. Both reason and authority could perhaps be cited in support of the proposition that this court, while it has before it for determination the question of the removability of a case from a state court, may enjoin the parties from attempting to proceed with the case in the state court; this upon the theory that, if this court upon removal does possess jurisdiction of the cause, that jurisdiction may not be invaded by harmful proceedings in the state court, and that, pending a determination by this court of the removability of the cause, this court will protect the party who is asserting its jurisdiction from being harried or embarrassed by proceedings in a court with respect to which the claim is then being made that it is without jurisdiction. Therefore if, pending such determination, application had been made to restrain the parties from proceeding with the cause in the state court until this court had adjudicated the controverted question of its own jurisdiction to hear and determine the main cause, appropriate action to that end would have been taken. This court, however, has determined that with respect to the cause of action sought to be removed, it has and at all times had no jurisdiction; in other words, that upon the face of the papers the cause was not a removable one. The state court made a similar determination, and, believing that it possessed jurisdiction and no stay being asked of it, proceeded regularly to adjudge the matters therein pending.

I cannot bring myself to believe that either upon principle or authority there exists now any just cause to stay the enforcement of the judgment secured by the parties in the state court. Such action could be taken only upon the theory that at all times subsequent to the filing of the petition and bond in the state court, asking for the removal to this court of the cause there pending, the state court was without jurisdiction in the premises. This I would conceive to be the case, had it been the fact that the petition and bond, considered in connection with the

other papers then on file, demonstrated the removability of the cause. It has been held by this court, however, and its judgment under the law is controlling in the matter, that no such removability existed. That being the fact, no removable cause being before the court, no petition for removal of such cause could operate to oust the jurisdiction of the court, and in that wise it never lost jurisdiction of the controversy.

These views are sustained, in my judgment, by Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 245, 25 Sup. Ct. 251. 253, 49 L. Ed. 462. In that opinion (196 U. S. at page 245, 25 Sup. Ct. 253, 49 L. Ed. 462) it is said that—

"It is well settled that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made."

That is the precise situation presented here. So in Stone v. South Carolina, 117 U. S. 430, at page 432, 6 Sup. Ct. 799, 800, 29 L. Ed. 962, the court said:

"The mere filing of a petition for the removal of a suit, which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal."

So in Insurance Co. v. Pechner, 95 U. S. 183, 186, 24 L. Ed. 427, the court says that the petition to be filed by the defendant asking for a removal order should state facts which, taken in connection with such as already appear, entitle him to the transfer. The court then continues:

"If he fails in this, he has not, in law, shown to the court that it cannot 'proceed further with the cause.' Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended."

In other words, having acquired jurisdiction originally, the court is entitled—nay, it is its duty—to proceed therewith until it shall have been "judicially informed" (that is, informed by the tender of a proper petition in a removable cause) that its power over the case is suspended. Amory v. Amory, 95 U. S. 186, 187, 24 L. Ed. 428, and Burlington Ry. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159, support these conclusions thus announced. So does Tierney v. Helvetia Fire Ins. Co., 126 App. Div. 446, 110 N. Y. Supp. 613.

Practically the precise question involved herein was up for determination before the Supreme Court of Idaho in State v. American Surety Co., 26 Idaho, 652, 145 Pac. 1097, Ann. Cas. 1916E, 209, in which it was held that, under circumstances similar to those at bar, the judgment of the state court was not void for want of jurisdiction. In Foster's Federal Practice (5th Ed.) § 554, with relation to removal to the federal court, it is said:

"The state court has power to examine the petition and bond, in order to ascertain whether they are sufficient. If they are insufficient, it may disregard them and *proceed with the suit*. (Italics supplied.) Where the question is doubtful, it seems to be the better practice for the state court to take no action until the federal court has passed upon a motion to remand the

cause. * * * According to the preponderance of authority, if the state court proceeds in a cause, notwithstanding an attempted removal, and the case is subsequently remanded because of want of jurisdiction, the intervening proceedings in the state court are valid."

These statements of the law are supported by the cases cited in a note to the text quoted. They establish, in my judgment, the proposition that, the case being, as a matter of law, as has been declared by this court, nonremovable, the superior court at no time lost jurisdiction thereof, and its orders and judgment entered in conformity to established practice are valid, and may not now be set aside in effect by the injunctive order of this tribunal.

The usual decree of dismissal will be entered.