[No. 2151.]

BARRA v. THE PEOPLE.

1. **Judgments—Default—Motion to Set Aside—Meritorious Defense—Excusable Neglect.**

The mere fact that a defendant had a meritorious defense to an action is not sufficient to set aside a default and judgment against him, but he must show that his neglect in permitting the judgment to be taken against him was excusable.

2. **Same—Negotiations of Settlement.**

A motion to set aside a default and judgment which alleges that the neglect to plead was because of negotiations looking toward a settlement, but which fails to allege with whom the negotiations were held and in what they consisted, is insufficient to state a cause of excusable neglect.

3. **Same—Forfeited Recognizance—Search for Defendant.**

The fact that the surety upon a forfeited recognizance was at the time making search for his absconding principal with a view of procuring his presence in court does not excuse his neglect to plead to an action upon the forfeited recognizance and is not a sufficient showing to set aside a default judgment.

4. **Summons—Alias—Presumption.**

The clerk of a court has authority to issue an alias summons without an order of court where the original has been destroyed. Where an alias summons was issued without an order of court and served it will be presumed that the original was destroyed before the issuance of the alias and that the clerk had knowledge of its destruction and issued the alias upon proper application.

**5.   Summons—Default—Motion to Set Aside—Appearance.**

A motion to set aside a default judgment on account of excusable neglect was a general appearance and waived the right to question the sufficiency of the summons.

*Error to the District Court of Arapahoe County.*

Mr. HENRY B. O'REILLY, for plaintiff in error.

Mr. JOHN A. RUSH, of counsel.

Mr. BOOTH M. MALONE, district attorney, and Mr. C. H. REDMOND, deputy district attorney, for defendant in error.

GUNTER, J.

This was an ordinary civil action to recover upon a forfeited recognizance resulting in judgment by default against the defendant. After the entry of judgment defendant filed the following motion:

"Defendant   *   *   *   asks that the default and judgment herein be set aside and that he be allowed to file the answer herewith tendered because:

"1.   The answer shows that he has a complete, perfect and meritorious defense.

"2.   There was no authority in law to issue the summons upon service of which the default was predicated as appears from said answer.

"3.   Defendant's neglect to plead herein was because of negotiations looking toward a settlement and to enable this defendant to discover the whereabouts of defendant Maillard and to secure his presence here."

This motion was denied, and defendant is here on error.

The sole question before us is, Did the court err in denying this motion? Assuming but not holding that this motion and the matter therein contained, in its absence from the bill of exceptions, is properly before us, we think the court did not err. It was in-

cumbent upon the defendant to show that his neglect in permitting the judgment to be taken against him was excusable. This he did not show by the averments of the motion. He says therein that his ''neglect to plead'' was because of negotiations looking toward a settlement. With whom these negotiations were held and of what they consisted should have been stated in order that the court might know whether they constituted excusable neglect. Search of the defendant for the absconding principal did not justify his neglect to plead. The mere fact that he had a meritorious defense to the action did not justify him in neglecting to plead therein, nor does the existence of such a defense prove that the court erred in declining to set aside the default. Parties cannot be permitted to disregard the process of the court and after judgment is rendered against them come in at their convenience and upon the mere allegation of the existence of a meritorious defense have judgment rendered against them vacated.

The tendered answer, if we can consider it, in its absence from the bill of exceptions—which we do not hold—alleges that the original summons herein was destroyed before service; that an alias was then issued without an order of court; that upon this alias summons service was gotten herein.

Defendant contends that this alias summons was unauthorized, and assigns the alleged invalidity thereof as one ground of vacating the judgment and permitting him to answer to the merits.

As every presumption attends the action of the clerk in issuing the alias in question, presumably the original summons was destroyed before the issuance of the alias, this was known to the clerk and on proper application he issued the alias. If so, he was authorized to issue the alias summons under section 39, Mills' Code. Further, we think defendant waived

the right to question the summons on this ground by his general appearance in asking that the judgment be set aside on account of his excusable neglect and that he be permitted to plead to the merits of the action.

It is not necessary to consider the sufficiency of the tendered answer, because, even if it presents a defense the court did not err in denying its filing.

Judgment affirmed.                          *Affirmed.*