No. 16,108.

JOHNSON ET AL. *v*. GEORGE.
(206 P. [2d] 345)

Decided April 25, 1949. Rehearing denied May 23, 1949.

Mr. R. J. SULLIVAN, for plaintiffs in error.

Mr. GEORGE H. LERG, Mr. A. L. BETKE, for defendant in error.

*In Department.*

Mr. Justice Stone delivered the opinion of the court.

In the action below, defendant in error sought specific performance of a contract to purchase real estate which is based upon a written instrument reading as follows:

"Contract for Purchase and Sale of 1365 Chester Street, Aurora, Colo.

"C. M. Johnson acting for Ilma M. Carpenter does hereby contract with Howard and Frances Lawson George for the sale of 1365 Chester.

"The Price shall be Forty-two Hundred and Fifty Dollars with interest on the unpaid balance at six per cent. The terms shall be payment monthly in advance of Thirty-five Dollars which shall be paid on or before the fifth day of each and every month.

"From this amount shall be paid the taxes, insurance, water rent on house, but NOT ON CAR. (That which is now fifty cents every three months shall be paid by the owner of the car.)

"Also from this amount shall be paid out by C. M. Johnson for absolutely necessary repairs. Nothing shall be taken from the $35 per month for repairs unless authorized in writing by Miss Johnson.

"In case the purchaser does not wish to complete payment for house as per this contract, a month's notice shall be given to C. M. Johnson.

"In case purchaser wishes to pay balance, a warrantee deed shall be given at once instead of waiting until all is paid by the monthly installment plan.

"In case an opportunity comes to sell the place for all cash, the amount of equity or at least $25.00 shall be given the purchasers to cancel this contract of purchase, if it necessitates moving before two years. If, however, the purchaser moves of own desires—not on account of sale of house, then all equity in place will

be forfeited and C. M. Johnson shall be free to sell to whom and for what it will bring.

> Howard W. George, Jr.
> Frances Lawson George
> C. M. Johnson

"Validated by the payment of November, 1942, of balance due on rent Twenty-nine Dollars.

> C. M. Johnson"

The property involved was owned by Carrie R. Carpenter and Ilma M. Carpenter. In her amended complaint plaintiff alleged: The making of the contract with Carrie R. Carpenter and Ilma M. Carpenter; the legal description of the property referred to; the assignment of interest of Howard W. George, Jr. to plaintiff; the possession of the premises since the date of the contract by plaintiff; the relationship of daughter and mother between Ilma M. Carpenter and Carrie R. Carpenter; the making of all payments to Carrie R. Carpenter and Ilma M. Carpenter as required by the contract; the performance of all other conditions and tender of the full balance due. There are further allegations as to pretended and fraudulent conveyance of title by defendants Carpenter, but, since no question is here raised as to the trial court's determination of the issues raised thereby, they may be disregarded.

After appearance and answers filed in behalf of the defendants, judgment was taken against them upon tender and reception of testimony and other evidence supporting the allegations of the complaint. The record shows that plaintiffs in error were notified personally, as well as through counsel who had formerly represented them, of the date when application would be made for setting the case for trial and of the date when it was set for trial, and that none of them appeared in person or by counsel, or made showing why said case should not be set, nor was there any application for continuance. The record also shows that prior to the setting of the case for trial, interrogatories were prop-

erly served on plaintiffs in error and that they were also duly served with an order for production of documents pertinent to the issues involved in the cause and that they had failed and refused either to answer the interrogatories or produce the documents as ordered by the court. Therefore the default and judgment were properly taken against them, both for neglect to attend on the date duly set for hearing (*County Court v. People. ex rel.,* 55 Colo. 258, 133 Pac. 752), and for refusal to answer the interrogatories or produce the documents ordered. Rule 37, R. C. P. Colo. The petition to set aside the judgment, which was filed by counsel other. than now appearing, makes no adequate showing to justify reopening the case, and error in denial of the petition is not urged in the brief of plaintiffs in error. Such being the case, the only question properly before us is the sufficiency of the complaint and proof thereunder to support the judgment.

It is first urged that the written instrument upon which the complaint is based is unilateral, and merely an option, with no obligation on the part of defendant in error to purchase. However, when possession is taken and full and timely performance tendered under an option, it ripens into a contract (*Frue v. Houghton,* 6 Colo. 318), and the allegations of the complaint and the evidence received at the trial supported the finding of the court that a good and valid contract existed, binding on both vendors and purchasers.

It is further urged that there was no written authority given C. M. Johnson to execute the contract, and that at most the contract purports to be that of Ilma M. Carpenter only and not that of her mother Carrie R. Carpenter. These objections are not good for the reason that the complaint and the evidence justify the finding of the trial court that both owners of the property ratified the contract by the acceptance of payments made thereunder. Acceptance of benefits under a contract constitute ratification, equally with written

confirmation. *Shuell et al. v. London Amusement Co.*, 123 F. (2d) 302.

It is further urged that there was no acceptance of the offer to sell. The making of monthly payments under the contract was sufficient acceptance.

██ Other specifications are made, based upon unproven statements contained in the multitudinous written communications from the several defendants to the court, in the form of letters, affidavits, requests for action, and so-called disclaimers. Such statements could not properly be considered by the trial court and cannot now be considered here.

Accordingly, the judgment of the trial court must be and is affirmed.

Mr. Justice Alter and Mr. Justice Holland concur.