No. 18,031.

R. R. Riss, Jr. *v.* Air Rental, Inc.

(315 P. [2d] 820)

Decided September 16, 1957.

Mr. Gordon H. Rowe, Jr., for plaintiff in error.

Messrs. HODGES, SILVERSTEIN, HODGES & HARRINGTON, Mr. JOHN BROOKS, JR.; for defendant in error.

*In Department.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiff in error, Riss, was one of two defendants in an action brought by defendant in error to recover $1,185.45 for supplies and materials sold and delivered to Wycol Minerals, Inc., and Riss and each of them. We refer to the parties as they appeared in the trial court. Summons was issued and return made by the sheriff showing service on defendant Riss on November 18, 1955. Service on the corporate defendant was had on November 29, 1955. No appearance was entered by either defendant and default judgment was entered against them on December 21, 1955. On March 16, 1956, Riss filed a motion supported by affidavit to vacate the judgment against him, alleging that he had never been served with process in the action and that he "has a meritorious defense to the cause of action alleged by plaintiff in the complaint in that this defendant did at no time enter into any contract for any service with the plaintiff; that the *statement of account herein that this affiant has procured* shows that the account was incurred with Wycol Minerals, Inc., suite 505, Riss Building, Kansas City, Missouri, and in no way shows any claim for any *services* against this affiant; and that this affiant and defendant is not in any way indebted to the plaintiff herein." (Emphasis supplied.)

Riss' motion to vacate the judgment was denied by the trial court, and he brings the case here on writ of error. Rule 60 (b), R.C.P. Colo., prescribes the conditions upon which the court may relieve a party from a final judgment. Under the record before us it was incumbent upon Riss to prove mistake, inadvertence, surprise or excus-

able neglect, or that the judgment was void because no service was had upon him.

Upon hearing of the motion Riss testified that he had not discussed a contract for flying service with anyone connected with plaintiff; that he was not indebted to plaintiff for *services,* and that he had severed his contract with Wycol Minerals, Inc., in June, 1955.

It was also the contention of Riss that he has never been served with summons in the action, and the greater part of the transcript is devoted to this matter. The trial judge interrogated the sheriff who made the return on the summons, as did counsel for the respective parties, and found and held that service was made November 18, 1955, as shown by the return on the summons.

The "statement of account" referred to in Riss' affidavit was not produced on the hearing.

Commenting with reference to setting aside the default judgment, the trial judge said: "It would be unusual for this court to invoke its discretionary power to set it aside on the ground of excusable neglect in view of the testimony given by the defendant Riss to the effect he was not served."

In cases such as this the defendant must establish his grounds for relief by clear, strong and satisfactory proof. *Browning v. Potter,* 129 Colo. 448, 271 P. (2d) 418. In *Barra v. The People,* 18 Colo. App. 16, 69 Pac. 1074, it was said: "Parties cannot be permitted to disregard the process of the court and after judgment is rendered against them come in at their convenience and upon the mere allegation of the existence of a meritorious defense have judgment rendered against them vacated."

In *Gumaer v. Bell,* 51 Colo. 473, 119 Pac. 861, this court said: "But the authorities hold that it is not sufficient to show that the neglect, which brought about the default, was excusable. The defendant must show a meritorious defense to the action."

Here Riss' affidavit stated that he was a patient in a

hospital in Rio Grande County at the time the purported service of summons was made. The record discloses that he entered the hospital November 30, 1955, and left there about seventeen days later.

■ "It is the universally accepted rule that a motion to vacate a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its determination will not be disturbed on review unless it clearly appears that there has been an abuse of that discretion. * * * We have consistently followed and applied the rule in this jurisdiction * * *." *Mountain v. Stewart,* 112 Colo. 302, 149 P. (2d) 176.

In the case before us Riss relied on two propositions, (1) That he was not served with process, and (2) That he had presented a meritorious defense. On these matters the distinguished trial judge heard the testimony of the sheriff of Saguache county and that of Riss. He conscientiously questioned both witnesses at great length; examined the "Sheriff's day book" and other records and documents produced by the Sheriff to determine what weight these should be given to corroborate the sheriff's testimony. After due deliberation the trial judge concluded that the motion to set aside the judgment should be denied. We find no abuse of the discretion vested in the trial judge.

The record discloses that after Riss was released from the hospital he did nothing until a demand was made by counsel for plaintiff in February 1956 that he pay the judgment rendered against him.

■ Now in this court for the first time, counsel for Riss claim that the matter of service of summons was not an issue in the trial court, and that when Riss moved to vacate the judgment he thereby entered a general appearance. The record is replete with the claim that no summons was served upon Riss and nothing appears which in the least intimates that defendant had abandoned the claim that he was not served with process. In his affidavit he stated, "That the deponent was at no

time served with process in this action" and further, "That the judgment herein was taken against defendant by reason of mistake, inadvertance, surprise or excusable neglect in that this defendant had no knowledge whatsoever that any service was claimed on him or that said judgment was to be taken against him personally." These allegations were the primary basis of his argument that the judgment which he claimed to be void, should be set aside. In addition Riss when on the stand stated that he was not served with process in the case. The determination of the trial court, based upon all the evidence presented, was to the contrary. He cannot now claim that the issue thus presented was abandoned, even though at the hearing his testimony was somewhat hedged as to the possibility of his being served with summons. His claim now asserted that he was entitled to relief on the basis of mistake or excusable neglect in that he "had *no knowledge whatsoever* that any service was claimed on him," constitutes neither mistake, inadvertance, surprise nor excusable neglect.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HOLLAND and MR. JUSTICE SUTTON concur.