No. 18,513.

WHITE, GREEN & ADDISON ASSOCIATES, INC. *v.*
MONARCH OIL & URANIUM CORPORATION.
(347 P. [2d] 135)

Decided November 30, 1959.

Messrs. RICE & RICE, for plaintiff in error.

Messrs. STRANG & STRANG, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court, where plaintiff in error was defendant and defendant in error was plaintiff.

In its complaint plaintiff alleged that it was the owner of five mining claims in San Miguel county, Colorado; that said claims had been leased to defendant on July 19, 1955, and that defendant had failed to comply with various terms and conditions of said lease, by reason of which plaintiff prayed for judgment restoring to it possession of said property, and for a decree declaring said lease forfeited.

Following the filing of an answer and counterclaim by defendant a hearing was had upon the application of plaintiff for a temporary injunction. At this hearing representatives of the plaintiff and defendant corporations were present, as well as counsel for each of the parties. At the conclusion of said hearing, and with full knowledge of counsel for plaintiff and defendant, the case was set for trial on the merits on the 13th day of August, 1957. On that date the trial court permitted counsel for defendant to withdraw his appearance after which the court proceeded to trial, heard the evidence offered by plaintiff, and entered judgment as prayed for in the complaint. Pertinent facts concerning the events of August 13 appear in the court findings hereinafter quoted.

September 1, 1957, defendant, appearing by new counsel, filed its motion to vacate the judgment upon the following grounds:

"1. That defendant was taken by surprise in that it had not been advised in sufficient time to prepare for trial, and the Court allowed the attorney of record for defendant to withdraw his appearance on the date of said trial.

"2. That defendant has a meritorious defense to the Complaint herein, and that the ends of justice demand that the judgment be vacated and that defendant be allowed to present its defense; otherwise, the defendant is and was prevented from having a fair trial."

September 19, 1957, defendant filed its motion for a new trial and as grounds for said motion alleged:

"That there were irregularities in the proceedings by which the defendant was prevented from having a fair trial in that the Court permitted counsel of record for the defendant to withdraw his appearance on the day said trial was scheduled and refused to allow defendant a continuance in order to secure other counsel, even though an employee of defendant was present and made such request; and that the rights of defendant were prejudiced in that defendant was unable to present its defense, and defendant does have a meritorious defense to the Complaint herein."

The above motions were filed within the time ordered by the court. At the conclusion of the hearing thereon the trial court entered an order from which we quote the following:

"The main proposition advanced by counsel for Defendant goes to the refusal of the Court to grant a continuance at the time the case was tried, and permitting counsel of record to withdraw his appearance, and refusing to allow the Defendant a continuance to secure other counsel even though an employee of the Defendant was present and made such request.

"The Defendant was represented by Mr. Henry W. Luedde, Attorney at Law, Georgetown, Colorado. Mr. Luedde appeared in this court with officials of the Defendant at the time of hearing on Motion for Temporary Injunction.

"Trial date was agreed upon between Mr. Luedde and counsel for the Plaintiff sometime in July of this year and the case was regularly set for trial at Telluride on the 13th day of August of this year. Several days before trial Mr. Luedde filed a motion asking the Court to permit him to withdraw as counsel for the Defendant. The Court telegraphed Mr. Luedde as follows: 'Plaintiff informs me they have witnesses coming from a distance and unless there was a strong showing and payment of costs I cannot continue case set at Telluride. Under these conditions cannot sign order permitting you to with-

draw from case without being assured your clients have arrangements for other counsel made. Probably your withdrawal would mean trial without presence of counsel.'

"Mr. Luedde called the Court on the telephone and stated in substance that the president of the defendant corporation was advised as to the trial date and requirements in telephone conversation of company matters during last July. Advice was given to proper company personnel on or about August 1st that the case was set for trial August 13th, that attorney's fees were to be paid and conferences re defenses had in time to permit proper preparation of case.

"Mr. Luedde further stated that since said dates he had been unable to contact anyone in authority in defendant company in spite of constant efforts by telephone and mail, that registered letters addressed to defendant at known addresses had been returned, refused, or appeared undeliverable, that he had personally informed the sister of the Secretary of defendant company of intended filing of motion to withdraw, that he considered that he had no authority to appear and would not have any available defenses.

"Mr. Luedde confirmed his statements over the telephone by letter and by telegram and attached to his letter were receipts showing the mailing of registered mail and a copy of motion to withdraw, which registered mail was returned unopened.

"At this point the Court permitted Mr. Luedde to withdraw.

"On the 13th of August the Defendant appeared by Mr. Philip Valenti, who stated that he was Legal Coordinator for the Company, and asked for a continuance. Mr. Valenti testified in connection with his application for continuance that as Legal Coordinator he spoke with Mr. Luedde concerning this case and was informed that a trial date had been set, but it was not the 13th of August; that he learned there was a continuance

of that trial date and that since notification of continuance he had not contacted Mr. Luedde; that Mr. Luedde did not contact anyone; that he first learned of the trial date the afternoon of the 12th at 1:30; that he contacted Mr. Luedde, who informed him he had made application to withdraw as counsel. He did not testify as to how he learned on the 12th when the trial date was to be, and the Court assumes it was from someone else's interest in the Company. He was cross-examined as to his conversation with Mr. Luedde about a continuance, and said that the Defendant's counsel, we assume Mr. Luedde, stated he had been given a continuance one time.

"The only continuance that was made in the case was when the Court was contacted by Mr. Luedde over the telephone and it was stated that time had expired for the Company to appear and that the only notice they had was notice to a man working for the Company and without authority as a Company official. The Court told Mr. Luedde at this time that he would give them time in which to make their appearance and would contact counsel for Plaintiff and request that no default would be taken. Other than this there was no continuance ever granted in the case on any matter, and the Court assumes that this was the continuance Mr. Luedde was talking about.

"The Court accepted Mr. Luedde's statement and is thoroughly convinced that the Company knew the case was set for trial and the trial date, that they ignored Mr. Luedde and made no effort of any kind to be prepared for trial on the date the case was set for trial, that is the 13th of August.

"It was with this conclusion in mind that the Court refused to continue the case, and the Court is still of the opinion that there was no equity in the Defendant's request for continuance of the case. To permit a Defendant to ignore its own counsel, to ignore the Court, and to come in when the other side is prepared for trial

with witnesses and seek continuance does not appeal to the Court.

"The Court on August 14th received a telegram dated August 13th, from Mr. Milas A. White, President of White, Green & Addison Assoc., Inc., in which he stated that he was aware that the case was pending and the date to be set, but did not know that it was scheduled for the 13th, and asking for postponement of the case. This telegram was answered by the Court with a telegram to the town in Texas where Mr. White sent his wire from, and this telegram was returned undelivered.

"In the opinion of the Court the courts cannot properly function if conduct such as appears in the present case is condoned and considered as a reason for continuance and new trial.

"On this basis the several motions are overruled. IT IS ORDERED that the Judgment become final, and as far as this Court is concerned is final as of this date."

In *Connell v. Continental Casualty Company et al.,* 87 Colo. 573, 290 Pac. 274, this court used the following pertinent language:

"We have decided many times that applications to vacate default judgments are addressed to the sound discretion of the trial court, and that only when that discretion has been abused will this court interfere."

In *Mountain et al. v. Stewart,* 112 Colo. 302, 149 P. (2d) 176, the above quoted rule was re-stated and the opinion contained the following: "We have consistently followed and applied the rule in this jurisdiction * * *."

In *R. R. Riss, Jr. v. Air Rental, Inc.,* 136 Colo. 216, 315 P. (2d) 820, this court approved the following statement taken from the opinion in *Barra v. The People,* 18 Colo. App. 16, 69 Pac. 1074:

"Parties cannot be permitted to disregard the process of the court and after judgment is rendered against them come in at their convenience and upon the mere allegation of the existence of a meritorious defense have judgment rendered against them vacated."

In the instant case there was no abuse of discretion on the part of the trial court. On the contrary, the record before us is heavily weighted in support of the action of the court in refusing to vacate the judgment. In this connection see *County Court of Phillips County v. The People ex rel.,* 55 Colo. 258, 133 Pac. 752; *Johnson et al. v. George,* 119 Colo. 594, 206 P. (2d) 345; *Davis v. Klaes, et al.* 141 Colo. 19, 346 P. (2d) 1018.

The judgment is affirmed.