No. 23351.

GENERAL ALUMINUM CORPORATION, A TEXAS
CORPORATION *v.* ARAPAHOE COUNTY DISTRICT COURT.
(439 P.2d 340)

Decided April 15, 1968.

GORSUCH, KIRGIS, CAMPBELL, WALKER & GROVER, C. E.
ECKERMAN, for plaintiff.

REARDON, REARDON AND REARDON, for defendant.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the
Court.

THIS is an original proceeding brought by General Aluminum Corporation (hereinafter called plaintiff), seeking an order requiring the District Court of Arapahoe County to reinstate a default judgment in its favor which that court had vacated. We issued a rule to show cause.

The default judgment in question, in the amount of $30,070.11, was entered October 26, 1967, in an action brought by plaintiff against Kelley Builders Supply, Inc. and William C. Kelley, individually (hereinafter referred to as defendants). On November 19, 1967, the defendants moved to have the judgment set aside under R.C.P. Colo. 60(b). After hearing, the district court entered an order granting defendants' motion, on condition that Kelley release two deeds of trust and a homestead entered on his property after institution of the suit against him.

Plaintiff brings this proceeding under R.C.P. Colo. 106(a)(4), alleging that the district court exceeded its jurisdiction and abused its discretion in entering the above order. Since the amendment of March 31, 1964 (effective January 12, 1965), Rule 106 applies only to relief sought in the district courts against inferior courts, administrative boards and officials. We shall therefore treat this proceeding as though properly brought under R.C.P. Colo. 116(a), as amended, which provides in pertinent part:

"* * * Relief in the nature of prohibition may be sought in the supreme court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum. *When the action, threatened action, or* refusal to act is solely within the discretion of the district court, prohibition *or mandamus shall not be a remedy but the same may be a ground for writ of error after final judgment.*" (Emphasis added.)

An application to set aside a default judgment under R.C.P. Colo. 60(b) is addressed to the sound

discretion of the trial court. *White, Green & Addison
Assoc. v. Monarch O. & U. Corp.,* 141 Colo. 107, 347
P.2d 135; *Riss v. Air Rental, Inc.,* 136 Colo. 216, 315 P.2d
820; *Mountain v. Stewart,* 112 Colo. 302, 149 P.2d 176.
Under the provisions of Rule 116(a) above quoted, there-
fore, the only proper procedure to secure review of a
trial court's order granting an application to set aside
a default judgment is by writ of error after final judg-
ment.

The rule is discharged.

MR. JUSTICE MCWILLIAMS not participating.