481 P.2d 432 (1970)
H. Boyd EDWARDS, Jr., Plaintiff in Error,
v.
Nancy C. EDWARDS, Defendant in Error.
No. 70-350, (Supreme Court No. 23194.)
Colorado Court of Appeals, Div. II.
November 4, 1970.
Rehearing Denied December 15, 1970.
Certiorari Denied March 8, 1971.
*433 Dawson, Nagel, Sherman & Howard, Michael A. Williams, Denver, for plaintiff in error.
John A. F. Wendt, Aspen, for defendant in error.
Not Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in reverse order of their appearances below and will be referred to hereinafter by their lower court designations.
In 1964, after some ten years of marriage, plaintiff, after first leaving defendant a note explaining her action, quit the family home in Green Village, New Jersey, and moved to Snowmass, Colorado, where she took up residency on her brother's ranch. Thereafter, in May of 1966, she sued defendant for divorce in the District Court of Pitkin County, Colorado, on grounds of mental cruelty.
Although summons and a copy of the complaint in divorce were personally served upon defendant in New Jersey, he did not enter an appearance, electing instead to sue in New Jersey Superior Court for an order restraining plaintiff from proceeding with her Colorado divorce action. He alleged as grounds for the restraining order (1) that plaintiff did not meet Colorado residency requirements for divorce; and (2) that any such divorce action would be more properly brought in New Jersey, before whose courts was already pending an ancillary action related to the parties' marital difficulties. A temporary restraining order was granted and plaintiff was served with a copy thereof in New Jersey.
Defendant's efforts to have this order made permanent failed, however, when on February 21, 1967, the Appellate Division of the New Jersey Superior Court affirmed the Superior Court's refusal on the merits to permanently restrain plaintiff. On that same day, plaintiff, who had temporarily returned to New Jersey to contest the ancillary action brought by her husband, contacted her Colorado counsel and instructed him to have default entered in, and to proceed with, her Colorado divorce. On the following day, plaintiff returned to Colorado, where two days later she appeared before the District Court of Pitkin County and obtained a divorce decree by default. No reporter's transcript was made of evidence taken at this hearing.
Defendant was notified of the divorce two days later, and thereafter directed Colorado counsel to move the trial court, *434 under R.C.P.Colo. 59, 55(c) and 60(b), for a new trial or, alternatively, to set aside the default divorce decree, on six separate grounds. After argument and submission of briefs, the court denied defendant's motion, and he now brings error, asserting abuse of discretion by the trial court in refusing to vacate and set aside the decree.
Preliminarily, we note that the issue of the sufficiency of plaintiff's residency for a Colorado divorce, one of the bases for the New Jersey restraining action, is no longer at issue; the New Jersey courts evidently resolved this against defendant when they refused to make permanent the restraining order.
The issues raised by defendant then, in our own words, are (1) did the trial court abuse its discretion by refusing to set aside its default decree in light of its failure to record testimony at the divorce hearing of February 24, 1967?, and (2) was defendant denied due process of law, in that the default decree was taken with no notice to him other than the initial "substituted service" of summons and complaint?

I.
In essence, defendant first argues that the trial court should have set aside the default decree because it failed to record testimony at the hearing of February 24, 1967. He maintains that this failure made it impossible for him to show that his wife had no grounds for divorce.
A motion to set aside a default judgment is addressed to the sound discretion of the trial court, and must be supported by clear, strong and satisfactory proof of mistake, inadvertence, surprise or neglect. R.C.P.Colo. 55(c) and 60(b); Riss v. Air Rental, Inc., 136 Colo. 216, 315 P.2d 820. A party in default is not entitled to have an adverse judgment set aside simply because of an asserted underlying weakness in the other party's judgment. He must stand upon the strength of his own justifications for being in default in the first instance, and he is not entitled to assert his "meritorious defense" (here, lack of grounds for divorce) until he successfully does so.
In the instant case, however, defendant did not prove to the satisfaction of the trial court, in its discretion, that his default was justified on one or more of the grounds stated in R.C.P.Colo. 60(b). To the contrary, evidence in the record makes it clear that although he was properly served by "substituted service," defendant nevertheless elected, for reasons of his own, not to appear in his wife's Colorado divorce action, which, in itself, supports the trial court's refusal to set aside the default decree. We will not disturb this refusal on appeal. Riss, supra.
Accordingly, even though no transcript from which defendant could determine whether or not he had a "meritorious defense" was available, he was in no way prejudiced; for he was not entitled to assert such a defense without first satisfying the trial court that his failure to appear was justified. Barra v. People, 18 Colo.App. 16, 69 P. 1074. This he did not do.

II.
Defendant also asserts that lack of notice of the status of his wife's action denied him constitutional due process of law.
Plaintiff was under no obligation to protect defendant's rights in this action. Defendant knew of the action, having been properly served with summons therein. He had nine months in which to take steps to protect his rights (including the right to notice of default), by appearing in and contesting the action; instead he chose to do nothing.
The instant record does not show a calculated attempt by plaintiff to lull defendant into believing that she would not pursue her Colorado divorce; to the contrary, her entire course of conduct makes it clear to us, and should have made it clear to defendant, that she would proceed with that action as soon as possible, and that he would be well advised to affirmatively act *435 to protect his own rights. For this reason, we do not find Rudd v. Rogerson, 152 Colo. 370, 381 P.2d 995, cited by defendant in support of his argument, to be applicable.
Nor can this properly be said to be a denial of due process of law under the Constitution.
Defendant was personally served with process in this action in New Jersey, and elected to put in no appearance. Because he did not appear, he was entitled to no further notice with regard to the status of the action. R.C.P.Colo. 55(b) (2); Hilliard v. Klein, 124 Colo. 479, 238 P.2d 882.
Further, since this action was in rem, and not in personam, since defendant was properly served by "substituted service," since all other jurisdictional requirements were met, and since no property rights were determined, the notice afforded defendant was sufficient to meet constitutional requirements of due process of law; and the divorce was binding. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221; Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561.
For the reasons stated above, the trial court did not abuse its discretion in refusing to set aside and vacate the instant default judgment.
Judgment is affirmed.
DWYER and ENOCH, JJ., concur.