## No. 26665

**Clarence Stiger, Jr., d/b/a Longmont Auto Sales, Ltd. v. The District Court in and for the County of Boulder, State of Colorado, and the Honorable Howard O. Ashton, One of the Judges thereof**

(535 P.2d 508)

Decided May 19, 1975.

Joseph P. Jenkins, P.C., for petitioner.

Dolan & Dolan, Larry L. Hopkins, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Clarence Stiger, Jr., d/b/a Longmont Auto Sales, Ltd., petitioner, filed in this court a petition for relief in the nature of prohibition (C.A.R. 21) to prohibit the District Court in and for Boulder County and the Honorable Howard O. Ashton, one of the judges thereof, respondents (referred to herein collectively and singly as ''respondent''),
''from proceeding any further in Civil Action No. 74-2561-2, and that respondents be ordered to vacate and set aside the judgment of default entered October 16, 1974, and quash the writ issued shortly thereafter.''
We issued a rule to show cause. The case is at issue. We now discharge the writ.

Two actions are pending in the District Court in and for the County of Boulder wherein the National State Bank of Boulder as Administrator of the Estate of Jack E. Gale, Deceased, is plaintiff and the petitioner is the defendant. Both actions involve the same leasehold interest in property located in the City of Longmont. The first action, No. 73-2429-2, for $12,750 past due rent was pending trial at the time the default judgment for immediate restitution of the leased premises was entered against the petitioner in the second action. The trial court's denial of petitioner's motion to set aside the default judgment provoked the instant proceeding.

Petitioner alleges in his petition three grounds for invoking this court's jurisdiction:
''1. The Respondents are proceeding without or in excess of their jurisdiction in that the district court entered a default judgment against Petitioner in Civil Action No. 74-2561-2, issued a writ of restitution, and upon consideration of Petitioner's motion timely filed, refused to set aside said default and quash the writ. The record shows that the Petitioner had paid his current rent prior to the filing of the action and the taking of the default and was paid up to November 15, 1974. Furthermore, the notice

demanded payment of rent which is the subject matter of another action between the identical parties involving the same premises which had been set for trial and which was not brought to the Respondent Trial Court's attention. By reason thereof, the trial court was precluded from entering a judgment, and upon failure of plaintiff's counsel to advise him of the fact of payment and the other action when the default judgment was entered, was obligated to set aside the said judgment when such facts were brought to his attention at the time of the hearing on the motion to set aside the aforesaid judgment and quash the writ of restitution.

"2. The respondent judge abused his discretion in denying Petitioner's motion to set aside the default judgment under Rule 55(c) and 60(b) of the Colorado Rules of Civil Procedure.

"3. There is an absence of other relief available to Petitioner."

 Relief in the nature of prohibition is available "where the district court is proceeding without or in excess of its jurisdiction." C.A.R. 21. Prohibition is generally a preventive remedy and usually issues only to prevent the commission of a future act, rather than undo an act already performed. In most cases, correction of error is the function of appeal, a trial court having the jurisdiction to render a wrong as well as a right decision. *Aurora v. Congregation,* 140 Colo. 462, 345 P.2d 385 (1959); *Leonhart v. District Court,* 138 Colo. 1, 329 P.2d 781 (1958); *Prinster v. District Court,* 137 Colo. 393, 325 P.2d 938 (1958).

██ In *General Aluminum Corp. v. District Court,* 165 Colo. 445, 439 P.2d 340 (1968), this court held:

"Under the provisions of Rule 116(a) above quoted, therefore, the only proper procedure to secure review of a trial court's order granting an application to set aside a default judgment is by writ of error [appeal] after final judgment."

C.A.R. 21 is the successor to Rule 116(a). The same rule is applicable to a trial court order either *denying* an application to set aside a default judgment or to one *granting* such an application.

Petitioner's third ground, that "there is an absence of other relief available to petitioner" is without merit. The quotation from *General Aluminum Corp. v. District Court,* supra, points out that the remedy is appeal.

The rule is discharged.