MR. JUSTICE KELLEY
delivered the opinion of the Court.
Petitioner instituted this original proceeding under C.A.R. 21 seeking to prevent the district court from setting aside a default judgment and from destroying the priority of its judgment lien. A rule to show cause was issued, and we now make the rule absolute in part and discharge the rule in part.
The default judgment entered on May 1, 1975, was in petitioner’s favor, as plaintiff, against defendants Robert Grinnell, Joy Grinnell, and Claire Bingham, individually, and Joy Construction Company, a Colorado corporation. The judgment, based on allegations of fraud and conversion, was in the amount of $54,386.
On or about August 13, 1975, defendants Robert and Joy Grinnell joined in filing a motion to set aside judgment pursuant to C.R.C.P. 60(b). They requested “a reasonable period of time” in which to file an answer to the complaint and asserted the following grounds to support.their motion:
“(1) a meritorious defense; and (2) the Judgment is void because of lack of proper service or they should be relieved of the Judgment because of inadvertence or excusable neglect.”
On or about October 15, 1975, defendants Robert and Joy Grinnell, through counsel, filed several documents with the district court: an entry of special appearance, a motion to quash service of process, and a state *230 ment of meritorious defense. The filing of these documents was an attempt to appear solely for the purpose of contesting personal jurisdiction. Had the district court found that personal jurisdiction existed, then in the alternative the Grinnells would have entered a general appearance for the purpose of setting aside the default judgment and receiving a trial on the merits. Their statement of meritorious defense specified several grounds of defense to the merits of the allegations in the complaint.
A hearing on the motions was conducted on October 27, 1975. The trial judge set aside the default judgment as to Robert Grinnell because of the lack of proper service of process, and as to Joy Grinnell because of “excusable neglect,” and the presence of the statement of meritorious defense.
Petitioner brings this action primarily to restrain the district court from destroying the priority of its judgment lien obtained as a result of the default judgment, in light of the creditors who have obtained subsequent liens.
I.
C.A.R. 21 provides in pertinent part:
“Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction. . . .”
We have recently held that the “only proper procedure to secure review of a trial court’s order” granting or denying an application to set aside a default judgment is by appeal after final judgment. Stiger v. District Court, 188 Colo. 407, 535 P.2d 508 (1975). This holding reflects a general policy which disfavors the use of an original writ where an appeal would be an appropriate remedy. First National Bank v. District Court, 164 Colo. 9, 432 P.2d 1 (1967); Leonhart v. District Court, 138 Colo. 1, 329 P.2d 781 (1958); Prinster v. District Court, 137 Colo. 393, 325 P.2d 938 (1958). However, where an appeal is not a “plain, speedy, and adequate remedy,” one may be entitled to an original writ of prohibition. Blank v. District Court, 190 Colo. 114, 543 P.2d 1255; People ex rel. Bonfils v. District Court, 29 Colo. 83, 66 P. 1068 (1901); People ex rel. L’Abbe v. District Court, 26 Colo. 386, 58 P. 604 (1889); McInerney v. Denver, 17 Colo. 302, 29 P. 516 (1892).
In the present case, an appeal following a trial on the merits would not be an adequate remedy for a judgment lienor whose priority might be destroyed by the sale of the encumbered property by a judgment creditor whose rights attached subsequent to the default judgment. Thus, an original proceeding in this action is proper. .
In determining whether, on the merits of the case, to issue a writ under C.A.R. 21, we must determine whether the trial court acted within its jurisdiction in setting aside the judgment as to the Grinnells, pursuant to C.R.C.P. 55(c) and 60, which are the governing rules. C.R.C.P. 55 (c) *231 provides:
“For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60 (b).”
C.R.C.P. 60(b) provides in part:
“On motion and upon such terms as are just, the court may relieve a party . .. from a final judgment... for the following reasons: (1) Mistake, inadvertence, surprise or excusable neglect;... (3) the judgment is void; ... or (5) any other reason justifying relief from the operation of the judgment.”
The trial court set aside the judgment as to Joy Grinnell on the basis of “excusable neglect,” on the strength of the defenses specified in her statement of meritorious defense. The judge was acting within his jurisdiction under the above cited rules when he set aside the judgment as to Joy Grinnell on the ground of “excusable neglect” supported by a specific statement of meritorious defense. Coerber v. Rath, 164 Colo. 294, 435 P.2d 228 (1967).
The default judgment as to Robert Grinnell was set aside by the judge on the ground that he was not subjected to the personal jurisdiction of the court at the time of the judgment due to a lack of service of process. Joy Grinnell had been served on his behalf as his alleged wife, but at the time of service, the couple had been divorced for over a month. The rules specifically provide for setting aside judgments where a party has not been personally served, or where the judgment is “void.” Therefore, the trial judge was acting within the scope of his jurisdiction in setting the judgment aside as to Robert Grinnell.
Further, the petitioner in this action has failed to sustain its burden of clearly proving that the trial court abused its broad discretion to set aside judgments. Credit Inv. & Loan Co. v. Guaranty Bank & Trust Co., 166 Colo. 471, 444 P.2d 633 (1968); General Aluminum Corp. v. District Court, 165 Colo. 445, 439 P.2d 340 (1968); Coerber v. Rath, supra; Riss v. Air Rental, Inc., 136 Colo. 216, 315 P.2d 820 (1957). We therefore hold that the trial court did not proceed “without or in excess of its jurisdiction”- in setting aside the judgment as to the Grinnells, and in this regard we discharge the rule.
II.
This brings us to the issue of whether the trial court’s order setting aside the judgment could legally affect petitioner’s judgment lien. Although none of our prior cases have required that we draw a distinction between opening and vacating a default judgment, such a distinction has been drawn by courts of other jurisdictions. Tierney v. Helvetia Swiss Fire Ins. Co., 126 App. Div. 446, 110 N.Y.S. 613 (1908); Halliburton v. Illinois Life Ins. Co., 170 Okla. 360, 40 P.2d 1086 (1935); Giles v. Ryan, 317 Pa. 65, 176 Atl. 1 (1935); Ackerman v. Burgard, 79 S.D. 119, 109 N.W.2d 10 (1961); see City of Park Ridge v. Murphy, 258 Ill. 365, *232 101 N.E. 524 (1913); Annot., “Duty of Court upon Opening Default to Defer Vacation of Judgment or Order Until Result of Trial on Merits,” 98 A.L.R. 1380; Freeman, A Treatise on the Law of Judgments § 993 (5th ed. 1925).
The basic difference emphasized by the cases is that when a judgment is opened the defendant is allowed to answer to the merits of the claim, but the original judgment and judgment lien remain in effect as security pending the resolution of the trial on the merits. Thus, if a judgment results in plaintiffs favor after the original judgment is opened for a trial on the merits, his judgment lien will remain in full force and effect as if the original default judgment had not been opened. If a judgment results in favor of the defendant after such a trial on the merits, then the original default judgment is vacated — the judgment and judgment lien are dissolved as though they never existed. Therefore, generally, the court must refrain from vacating a default judgment until after the opened judgment results in a new judgment on the merits.
However, where a default judgment is set aside on jurisdictional grounds, it also must be vacated. This result is compelled by our cases which hold that where a judgment is procured without service of process on the defendant, there is a want of personal jurisdiction, and the judgment is considered void. General Ins. Co. v. O’Day, 144 Colo. 376, 356 P.2d 888 (1960); Geisler v. People, 135 Colo. 121, 308 P.2d 1000 (1957); Greene v. Phares, 124 Colo. 433, 237 P.2d 1078 (1951). It is an elemen,tary principle of due process that where such a circumstance arises the underlying judgment must be vacated in the first instance, as a void judgment cannot be allowed to remain in effect pending the outcome of a trial on the merits.
Whether a judgment is opened or vacated, therefore, depends upon the court’s basis for setting.aside the judgment.-Generally, where a judgment is set aside on grounds other than those challenging the jurisdiction of the court, the judgment is opened and the moving party, after a showing of good cause and a meritorious defense, will be permitted to file an answer to the original complaint and participate in a trial on the merits. Where a judgment is set aside on jurisdictional grounds, it is vacated and of no force and effect.
. The underlying policy of the rule permitting the setting aside of judgments is to protect the moving party so that upon a showing of good cause he may have his day in court. However, the innocent judgment creditor is also entitled to the protection of his interests, at least pending the outcome of the trial on the merits. To ignore the interests of the innocent judgment creditor “who has been guilty of no wrong . . .[would be to take from him] a valuable right which he has acquired as the result of diligence . . . .” Tierney v. Helvetia Swiss Fire Ins. Co., supra.
*233 Although the trial judge found that Joy Grinnell was subject to the jurisdiction of the court at the time the default judgment was entered, he found that there was “good cause” to set aside the judgment as to her in order to permit her to answer on the merits of petitioner’s claim. Under the principles ennunciated above, the default judgment was opened as to Joy Grinnell, and petitioner’s judgment lien, as it affects her, must remain effective pending the outcome of the trial on the merits. In this regard, the rule is made absolute.
On the other hand, the trial judge specifically found that Robert Grinnell was not subject to the jurisdiction of the court at the time the default judgment was entered, and that, therefore, the judgment was void as to him. In such an instance, the default judgment was vacated as to Robert Grinnell, and petitioner’s judgment lien is destroyed as to him. In this regard, the rule is discharged.
III.
Although the judgment is vacated as to Robert Grinnell, he subjected himself to the continuing jurisdiction of the court from the date he entered his general appearance on August 13, 1975. On that date, he filed a motion to set aside judgment, alleging various grounds including that the judgment was void for lack of service. He did not request that service to be quashed but rather that he be permitted to file an answer to the merits of the complaint. Such a request constituted a general appearance. Wells Aircraft Parts Co. v. Kayser Co., 118 Colo. 197, 194 P.2d 326 (1948); Pierce v. Hamilton, 55 Colo. 448, 135 P. 796 (1913); Balfe v. Rumsey & Co., 55 Colo. 97, 133 P. 417 (1913); Stubbs v. McGillis, 44 Colo. 138, 96 P. 1005 (1908); Everett v. Wilson, 34 Colo. 476, 83 P. 211 (1905); Barra v. People, 18 Colo. App. 16, 69 P. 1074 (1902); see Annot., “Motion to Vacate Judgment or Order as Constituting General Appearance,” 31 A.L.R. 2d 262.
The general appearance subjected Robert Grinnell only to the jurisdiction of the court from the date of the appearance, and is not retroactive so as to validate the void judgment. Brown v. Amen, 147 Colo. 468, 364 P.2d 735 (1961). The subsequent filing of an entry of special appearance as an alternative pleading would have constituted a special appearance, avoiding the continuing jurisdiction of the court, had it been his initial appearance. However, once a person subjects himself to the jurisdiction of the court by entering a general appearance, he cannot withdraw the earlier appearance and escape the jurisdiction of the court.
The rule is made absolute in part, and discharged in part, and the cause is remanded with directions to enter an order opening the default judgment as to Joy Grinnell and vacating the default judgment as to Robert Grinnell. The district court is further directed to fix a reasonable time within which the parties may plead, and when at issue, to proceed to trial on the merits.