## No. 27765

**Cecil V. Snow v. The District Court in and for the City and County of Denver, Second Judicial District, State of Colorado and the Honorable James C. Flanigan, one of the judges thereof**

(572 P.2d 475)

Decided December 12, 1977.                    Rehearing denied January 3, 1978.

Tilly and Graves, Harmon S. Graves, for petitioner.

Myers and Polidori, P.C., Gary L. Polidori, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner brings this original proceeding pursuant to C.A.R. 21, seeking a writ in the nature of prohibition and mandamus to direct the Denver District Court to vacate an entry of default against him. A rule to show cause was issued and we now discharge the rule.

Petitioner is one of four defendants named in a civil suit brought in Denver District Court. The action concerned an alleged breach of an oral contract to organize and operate an Italian restaurant. Petitioner failed to file an answer to the complaint. The return of service indicated that petitioner was personally served with a complaint and summons on July 21, 1976. On plaintiff's motion, the court entered a default against petitioner on August 17, 1976.

Approximately ten months later, on June 16, 1977, petitioner filed a motion to set aside this entry of default. An evidentiary hearing was held on July 25, 1977. The process server testified that he recalled personally serving petitioner with the summons and complaint. He visually identified petitioner and recollected in detail the circumstances of the service. Petitioner denied that he ever received personal service. He admitted, however, that he was at all times aware of the pending lawsuit because he was a stockholder in the S.K.S.P. Corporation, which was also named as a defendant.

The trial court denied the motion to set aside the entry of default. It evaluated the conflicting testimony and the credibility of the witnesses, and concluded that petitioner had neglected to protect his rights.

An entry of default may be set aside "[f]or good cause shown." C.R.C.P. 55(c). The decision on whether to set aside an entry of default is left to the sound discretion of the trial court. *See General Aluminum Corp. v. District Court*, 165 Colo. 445, 439 P.2d 340; *Dudley v. Keller*, 33 Colo. App. 320, 521 P.2d 175.

We can detect no abuse of discretion by the trial court in refusing to vacate the entry of default. The burden was on petitioner to demonstrate "good cause" to set it aside. *Browning v. Potter*, 129 Colo. 448, 271 P.2d 418. At the hearing, the process server — who has "somewhat of a photographic mind" — specifically remembered serving petitioner. Petitioner was also aware that this lawsuit was pending. This is not a case where someone other than petitioner, such as his attorney, was the one at fault. *Cf. Coerber v. Rath*, 164 Colo. 294, 435 P.2d 228. The court's conclusion was supported by substantial evidence and we perceive no grounds to set aside the order denying the motion.

Petitioner claims that the trial court abused its discretion because: (1) petitioner has good defenses to the lawsuit; and (2) the plaintiff in the action below would not be prejudiced by setting aside the default. We note that parties cannot be allowed to come into court at their convenience and have a default vacated merely upon the allegation of the existence of a meritorious defense. *Riss v. Air Rental, Inc.*, 136 Colo. 216, 315 P.2d 820; *Barra v. People*, 18 Colo. App. 16, 69 P. 1074. Lack of prejudice to the plaintiff, absent other factors indicating good cause, is insufficient to show an abuse of discretion in denying a motion to set aside a default. In view of the unjustifiable failure of petitioner to answer the complaint, petitioner's allegations of abuse of discretion have no merit.

Finally, we note that the entry of default applies only to the issue of petitioner's liability. Under C.R.C.P. 55(b)(2), the trial court will be required to conduct a hearing to determine the amount of damages, if any.

The rule is discharged.

MR. CHIEF JUSTICE PRINGLE does not participate.