Terrence J. FLEISHER,
Plaintiff–Appellant,

v.

FIRST NATIONAL BANK OF
TELLURIDE, Defendant–
Appellee.

No. 97CA0672.

Colorado Court of Appeals,
Div. IV.

July 9, 1998.

Rehearing Denied Aug. 27, 1998.

Certiorari Granted March 29, 1999.*

\* SUMMARY OF ISSUES:

Whether the court of appeals erred in concluding that, under *Weaver Construction Co. v. District Court,* 190 Colo. 227, 545 P.2d 1042 (1976), lack of notice in an action underlying a judgment lien did not constitute a jurisdictional defect and therefore did not render the underlying judgment void.

Whether the court of appeals erred in holding in 1998 that a trial court's 1993 order "vacating" a judgment was actually an order "opening" the judgment.

Whether the court of appeals erred in failing to conclude that lack of notice in the underlying action was a violation of due process that rendered the underlying judgment void.

Denied as to all other issues.

Zarlengo & Kimmell, P.C., Thomas J. Kimmell, Denver, Colorado, for Plaintiff–Appellant.

Lynch & Lynch, LLC, Michael J. Lynch, Telluride, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this declaratory judgment proceeding to determine priority of liens, plaintiff, Terrence J. Fleisher, appeals the summary judgment entered in favor of defendant, First National Bank of Telluride. We reverse and remand.

The facts are undisputed. In 1991, plaintiff commenced an action (underlying action) upon a promissory note issued by an owner of certain real property (owner). Owner answered, denying liability under the note. In January 1992, plaintiff filed a motion for summary judgment, but before owner's re-

sponse was due, the matter was stayed because of owner's bankruptcy proceeding.

Upon receiving the notice of automatic stay, the trial court issued a minute order stating, in pertinent part, that the court would assume that the bankruptcy would permanently foreclose further action and that, if it did not hear to the contrary from plaintiff by August 19, 1992, dismissal without prejudice would then occur without further order being necessary.

However, on August 17, 1992, unbeknownst to the trial court, the bankruptcy court dismissed the proceeding. Thereafter, in October 1992, plaintiff's counsel brought the bankruptcy dismissal to the attention of the trial court, which then issued an order requiring owner to provide a response to the motion for summary judgment by November 4, 1992. However, owner did not receive notice that he had been ordered to respond to the motion.

Having received no response to the motion for summary judgment, the court entered a judgment against owner for $106,080.65, plus interest, on November 6, 1992. Plaintiff filed his judgment lien against the property on November 16, 1992.

On January 14, 1993, owner filed a motion pursuant to C.R.C.P. 60(a) and (b) to vacate the judgment. Finding that owner had not received notice of the court's order requiring a response, the court granted owner's motion, and the minute orders reflect that the judgment was vacated.

On April 13, 1993, defendant recorded a deed of trust on the property.

Plaintiff ultimately succeeded in securing a judgment on the merits against owner in the underlying action in 1995. Plaintiff again recorded a judgment lien on March 17, 1995.

In 1996, defendant began proceedings to foreclose on its deed of trust. Plaintiff filed a notice of lis pendens against the property and commenced this proceeding, seeking a declaratory judgment that his judgment lien was prior and superior to defendant's lien under the deed of trust.

The trial court determined that the judgment obtained in 1992 was void; consequently, it determined that plaintiff's judgment lien filed in November 1992 should be vacated. This appeal followed.

## I.

■ First, we reject defendant's contention that the appeal is moot because its deed of trust has been foreclosed.

■ A case is moot when the relief sought, if granted, would have no practical legal effect. *State Board of Chiropractic Examiners v. Stjernholm*, 935 P.2d 959 (Colo.1997).

Here, even though the deed of trust no longer exists, the public trustee's deed is subject to any liens filed before the deed of trust. If plaintiff's judgment lien is superior to the deed of trust, then the public trustee's deed is subject to the judgment lien. Thus, a decision in this case does have a practical, legal effect, and the appeal is not moot.

## II.

Plaintiff contends that the trial court erred in holding that defendant's deed of trust was superior to his judgment lien. We agree.

■ When a judgment lien has been recorded and the judgment upon which that lien is based is later set aside, an issue concerning the validity of the judgment lien arises. In such circumstances, courts must determine whether the underlying judgment was "opened" or "vacated." *Weaver Construction Co. v. District Court*, 190 Colo. 227, 545 P.2d 1042 (1976).

■ Whether a judgment is opened or vacated depends upon the basis for setting aside the judgment. Generally, when a judgment is set aside on grounds other than those challenging the jurisdiction of the court, the judgment is opened and the case proceeds to a trial on the merits. When a judgment is set aside on jurisdictional grounds, it is vacated and is of no force and effect. *Weaver Construction Co. v. District Court, supra.*

■ When a judgment is opened, the defendant defends on the merits of the claim, but the original judgment and judgment lien remain in effect as security pending the reso-

lution of the trial on the merits. If a judgment results in plaintiff's favor after the original judgment is opened for a trial on the merits, the judgment lien will remain in full force and effect as if the original judgment had not been opened. If a judgment results in favor of the defendant after trial on the merits, then the original default judgment is vacated and the judgment and judgment lien are expunged as though they never existed. *Weaver Construction Co. v. District Court, supra.*

■ Therefore, generally, a court must refrain from "vacating" a judgment until after the opened judgment results in a new judgment on the merits. However, when a judgment is set aside on jurisdictional grounds, it must be vacated, because a void judgment cannot be allowed to remain in effect pending the outcome of a trial on the merits. *Weaver Construction Co. v. District Court, supra.*

■ Here, in the underlying action, owner challenged the judgment based on lack of notice, claiming that he had not received the court's order requiring him to respond to the motion for summary judgment. The trial court in the underlying action relied upon owner's lack of notice in entering its order setting aside the judgment under C.R.C.P. 60(a) & (b).

Lack of notice, however, did not constitute a *jurisdictional* defect. That is, it did not affect the subject matter jurisdiction of the court, nor did it affect the court's personal jurisdiction over owner. *See Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508 (Colo.1986) (a court has subject matter jurisdiction if the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority; it is the authority to decide a case, not the correctness of the decision, which provides the basis for jurisdiction); C.R.C.P. 60 (court has jurisdiction to relieve a party from a final judgment, order, or proceeding within a reasonable time after the judgment was entered). *See also People v. Ki Suk Grell,* 950 P.2d 660 (Colo. App.1997) (once properly invoked, a court's jurisdiction is not divested by a party's failure to comply with a statutory requirement).

Therefore, no jurisdictional defects existed when the court entered the November 1992 judgment in the underlying action. Rather, the defective notice rendered the judgment irregular. *See Davidson Chevrolet, Inc. v. City & County of Denver,* 138 Colo. 171, 330 P.2d 1116 (1958) (an irregular judgment is one rendered contrary to the method of procedure and practice allowed by law; a void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only).

Accordingly, since the November 1992 judgment was not jurisdictionally void, the court's January 1993 order in the underlying action "vacating" the judgment must be construed as an "opening" of the judgment under *Weaver.* Further, since it was an opened judgment, the judgment lien obtained by plaintiff remained in full force and effect until trial on the merits. And, because plaintiff prevailed in that trial, the judgment lien remained valid.

## III.

■ Defendant argues that the November 1992 judgment was a default judgment under C.R.C.P. 55 and that the failure to comply with that rule's notice requirement renders the judgment void. Hence, it argues, the judgment was jurisdictionally defective. We disagree.

Defendant relies primarily upon *Salter v. Board of County Commissioners,* 126 Colo. 39, 246 P.2d 890 (1952), in which the court declared that a default judgment entered without giving appropriate notice to the defending party was void. But, even if we assume, without deciding, that the judgment here was a default judgment within the meaning of C.R.C.P. 55, the *Salter* case is nevertheless distinguishable. There, the court did not need to, nor did it, consider whether the judgment should be deemed opened or vacated, and it did not discuss whether there were jurisdictional defects as opposed to defects that would render the judgment irregular. *See Davidson Chevrolet, Inc. v. City and County of Denver, supra.* The *Salter* court's declaration of the judgment there as being "void," therefore, is not controlling here.

For similar reasons, *Don J. Best Trust v. Cherry Creek National Bank,* 792 P.2d 302 (Colo.App.1990), and the cases cited therein, are also distinguishable.

The balance of defendant's arguments in this regard, which rely upon the proposition that the failure to receive appropriate notice renders a judgment void, suffer from similar infirmities. While we agree that owner here was entitled to receive notice under applicable court rules, case authorities, and principles of due process, the failure to receive notice in these circumstances does not rise to the level of a jurisdictional defect as delineated in *Weaver Construction Co. v. District Court, supra.*

And, while we recognize that the effect of our holding is that lenders and title searchers may not conclusively rely upon the express language of a court order setting aside a judgment in determining the validity of liens, in our view this result is compelled by the *Weaver Construction* case.

## IV.

 We reject defendant's next argument that a different result is required because the order of the trial court in the underlying action dismissed the case without prejudice on August 19, 1992.

That order was effectively rescinded by the court's later order in October 1992. *See* C.R.C.P. 60 (on motion, and upon such terms as are just, the court may relieve a party from a judgment or order).

Moreover, the dismissal was without prejudice, which allowed proceedings in the nature of C.R.C.P. 60 motions to continue in the underlying action. *Cf. People v. Janke,* 852 P.2d 1271 (Colo.App.1992) (once a final order is entered, the means by which the trial court may thereafter alter, amend, or vacate the judgment is by appropriate motion under either C.R.C.P. 59 or 60).

We have considered, and reject, defendant's remaining arguments in support of the trial court's judgment.

Accordingly, the trial court's judgment declaring that the lien of defendant's deed of trust was superior to plaintiff's judgment lien is reversed. The cause is remanded with directions to enter judgment declaring that plaintiff's lien is superior to defendant's lien and that, therefore, the interest conveyed by the public trustee's deed is subject to plaintiff's judgment lien.

Judge ROTHENBERG and Judge ROY concur.