Mr. Chief Justice McWilliams
delivered the opinion of the Court.
This is a sales tax case. The Colorado Department of Revenue, hereinafter referred to as the Department, assessed a sales tax against Frank Pluss, doing business as Pluss Poultry Co., in the sum of $2,966.62. Thereafter, in accord with the provisions of 1965 Perm. Supp. C.R.S. 1963, 138-9-4, Pluss appealed this final determination of tax liability to the district court. After a trial de novo, as is provided for by the aforementioned statute, the trial court made certain findings and conclusions and entered judgment dismissing Pluss’ appeal. Pluss now seeks-reversal of this judgment.
We hold that the trial court erred and that its judgment must be reversed and the cause remanded with *88 direction that it enter judgment setting aside and vacating the final determination of the Department.
From the record we learn that Pluss is engaged in the business of selling poultry products, both at wholesale and retail, though his business is primarily wholesale in nature. Upon trial it was clearly established that the sales which formed the basis for this tax determination were made to five customers who were in each instance, wholesalers or jobbers, and not retailers, and that none of them, i.e., the five purchasers, had a sales tax license or store license. It is Pluss’ position that having established beyond all doubt that as a matter of fact these sales were wholesale, and not retail, he was therefore not subject to the provisions of The Emergency Retail Sales Tax of 1935, C.R.S. 1963, 138-5-1 and 42.
Counsel for the Department of Revenue in effect concedes that the sales in question were not, as such, taxable as retail sales. However, it is asserted that the real question is “whether Pluss lost its right to obtain exemption of the sales because of its failure to comply with the prerequisites for exemption.” This brings up for consideration Rule 13 of the Department of Revenue.
Rule 13 provides as follows:
“The sales tax is not imposed upon wholesale sales. A wholesale sale is a sale to retail merchant, jobber, dealer, or other wholesaler for resale or for processing under section 2(14) or (15) Sec. 2(5). Retail sales are defined as ‘all sales made within the state, except wholesale sales.’ A sale by a wholesaler to a user or consumer and not for resale is a retail sale and is taxable unless otherwise exempt. All sales for use, consumption or for any purpose other than resale are retail sales. A sale will he considered a retail sale if made to anyone not having a sales tax license or store license(Emphasis added.)
As above indicated, none of the five customers at the time of the sales in question had a sales tax license or a store license. Such being the case, it is the position of the Department that under Rule 13, particularly the portion *89 above italicized, the sales under consideration are taxable as retail sales even though in fact they were not.
Counsel for Pluss argues that the rulemaking authority of the Director is to prescribe rules and regulations that are “not inconsistent with the law.” C.R.S. 1963, 3-1-7. Rule 13, argues Pluss, if deemed to create a “conclusive presumption” based upon the failure of the vendee to have a sales tax license or a store license, is inconsistent with the retail sales tax law, which only imposes a tax on retail sales, and not wholesale sales. We agree.
 If a statute is fairly susceptible of two interpretations, one of which would be constitutional and the other unconstitutional, the general rule of construction is that courts should construe the statute so as to render it constitutional. 16 Am. Jur. 2d 348. Similarly, we would interpret Rule 13 in the same manner, i.e., in a way that would make it consistent and “not inconsistent with the law.”
Counsel for the Department argues that Rule 13 is “a reasonable requirement of proof” and that the requirements of Rule 13 are decisive of the present controversy. In other words, asserts the Department, the five customers in question not having had a sales tax license or a store license, sales by Pluss to them are subject to retail sales tax even though in each instance the sales were admittedly sales by one wholesaler to another wholesaler. In our view to give Rule 13 the meaning contended for by the Department would, contrary to the assertion of counsel, impose an unreasonable requirement of proof and would give the Rule a meaning inconsistent with the retail sales tax law.
If on the other hand the Rule be deemed to create a rebuttable, and not conclusive, presumption, then in our view the Rule is both a reasonable requirement of proof and at the same time is consistent with the law. It is reasonable that if a vendor sells to one who does not have a retail sales tax license or a store license the sale should be deemed, at least initially, subject to the *90 retail sales tax. In other words, a vendee, not having a retail sales tax license or a store license, is presumptively a user or consumer. This presumption, however, is a rebuttable one, and a vendor who would escape the tax has the burden of showing, be it before the Department or in court, that the sales in fact were not subject to the retail sales tax.
A case which sheds light on the present controversy is Bedford v. C.F. & I. Corp., 102 Colo. 538, 81 P.2d 752. One point at issue in that case was the taxability of purchases made by the Colorado Fuel & Iron Corporation for use in its company hospital, which was financed in part by monthly fees paid by employees. The sales tax law exempted sales to charitable corporations and the Department by rule had determined that in order to claim this exemption the sale had to be to an institution exempt from the payment of general property taxes. Colorado Fuel & Iron Corporation had paid general property taxes on its entire property, as a unit, and no effort had been made to exempt the hospital property from general taxation. In declaring such sales to be nonetheless exempt from the sales tax, we declared as follows:
“It will be observed that the definitions of ‘wholesale sale’ and ‘retail sale’ pronounced by the legislature for the purpose of the acts, differ materially from the ordinarily accepted general conception of the meaning of these terms. It seems certain from these provisions that the statute was fundamentally intended to impose a tax upon that which is consumed and used and exempts only that sold for resale. The controlling factor in the classification is the disposition of the goods made by the buyer, and not the character of the business of the seller or the buyer. ...”
“The company claims that all supplies and equipment purchased and used in both the hospital and dispensaries are exempt by reason of the provision of section 6 of the sales tax act and the corresponding section of *91 the use tax act, section 2(e). Section 6, supra, provides, * * an(j ajj saies made to * * * charitable * * * corporations, in the conduct of the regular * * * charitable * * * functions and activities * * * shall be exempt from taxation under * * * this act.’
“Section 11 of the rules and regulations promulgated by the state treasurer and pertaining to the exemptions provided in section 6, supra, prescribes: ‘The general rule to follow in determining whether such an institution is r:charitable * * * is to ascertain whether or not it is exempt from the payment of general taxes. If it is then that institution is exempt from the payment of sales tax on its purchases or tangible personal property.’
“If this rule contemplates the arbitrary determination of the liability of an institution for sales or use tax upon the basis of its established taxable status for ad valorem taxes it is erroneous. It may be, and likely is, the fact that any institution which has been exempted from liability for the general property tax likewise is entitled to exemption from the sales tax, but it does not necessárily follow that institutions which pay a general property tax may not be exempt from the sales tax by reason of their charitable operations....”
The judgment of the trial court is reversed and the cause remanded with direction that the trial court enter judgment vacating and setting aside the determination of the Department.
Mr. Justice Hodges and Mr. Justice Groves not participating.