**Margaret O'NEILL, Plaintiff–Appellant,**

v.

**DEPARTMENT OF REVENUE, TREASURY DIVISION, CITY AND COUNTY OF DENVER; Career Service Board, Defendant–Appellee,**

**and**

**Paul Brownridge, individually and in his official capacity as Deputy Manager of Revenue for Treasury Operations of the City and County of Denver, Defendant.**

No. 86CA0269.

Colorado Court of Appeals, Division VI.

June 2, 1988.

Rehearing Denied June 23, 1988.

Certiorari Denied Nov. 28, 1988.

LaFond & Evangelisti, Richard C. LaFond, Dominic Latorraca, Denver, for plaintiff-appellant.

Steven H. Kaplan, City Atty., Geoffrey S. Wasson, Asst. City Atty., Denver, for defendant-appellee.

SILVERSTEIN *, Judge.

In this C.R.C.P. 106 action, plaintiff, Margaret O'Neill, sought reversal of an order of defendant Career Services Board (Board) entered in favor of defendant Department of Revenue, Treasury Division, City and County of Denver (Department). The trial court affirmed the order, and plaintiff appeals. We reverse the judgment of the trial court.

First, we note that in her complaint, plaintiff asserted a second claim for relief, alleging outrageous conduct by defendant Paul Brownridge. That claim is still pending in the trial court. The C.R.C.P. 106

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

claim is before us pursuant to a C.R.C.P. 54(b) order.

Plaintiff was a probationary employee of the Department. She was discharged under an order which stated that the reason for the dismissal was: "Refusal to comply with orders and instructions of authorized supervisors." Plaintiff sought administrative review of the discharge, contending that her dismissal was the result of discrimination because of race or color. Plaintiff is white, the supervisors are black.

Following a hearing, the career service authority hearings officer determined, on supporting evidence, that plaintiff had "met her burden of proof as to discrimination on the basis of race and color." He ordered that she be restored to her position and awarded pay from the date of her dismissal to the date she resumed her duties, and ordered that she be afforded the opportunity to complete her probationary period.

The Department appealed to the Board, which reversed the hearings officer's decision, determined that plaintiff had been discharged for insubordination, and reinstated her dismissal. Plaintiff then brought the present action. The trial court affirmed the order of the Board, and this appeal followed.

■ In its order the Board made several findings of fact all of which were contrary to the findings of the hearings officer. Based on these findings, the Board found the dismissal was non-discriminatory. Plaintiff contends that the Board exceeded its jurisdiction and had no fact-finding authority in the present case. We agree.

In affirming the Board's order, the trial court based its decision on the issue of whether the Board was bound to come to the same conclusion as the hearings officer where that conclusion was based upon competent evidence. The court concluded that the authority of the Board was "like that of [the] Industrial Commission of Colorado in [an] unemployment compensation case." In so ruling, the court erred.

An administrative agency's powers are limited to those granted by the organic legislation which creates the agency. *See Flavell v. Department of Welfare*, 144 Colo. 203, 355 P.2d 941 (1960) (actions outside "the purview of the statute granting the agency its powers are not merely erroneous, but are void"); *BQP Industries v. State Board of Equalization*, 694 P.2d 337 (Colo.App.1984). *Cf. Clark v. Colorado State University*, 762 P.2d 698 (Colo.App. 1988).

The Board was established by Denver City Charter § C5.24, et seq. Denver City Charter § C5.25 sets forth the duties and powers of the Board and states:

"The Career Service Board shall have the following powers:

. . . .

"5) Reopen and reconsider, in accordance with personnel rules ... a decision of the hearings officer when the party requesting reopening and reconsideration submits written argument or evidence which *establishes* that (a) new and material evidence is available which was not available when the appeal was heard by the hearings officer, or (b) the decision of the hearings officer involves an erroneous interpretation of the personnel rules of the [Board], or (c) ... is of a precedential nature involving policy considerations that may have an effect beyond the case at hand." (emphasis added)

This charter section further provides that when a decision is reopened, the Board shall "review the record of the proceedings and all written representations" and "issue a written decision ... affirming, modifying or reversing the decision of the hearings officer." Denver Career Services Authority Personnel Rule 19–31 provides that a party may request the Board "to reopen and reconsider a decision by the Hearings Officer *only* on the ... grounds" set forth in section C5.25 of the Charter. (emphasis added)

In its appeal to the Board, the Department relied on the grounds of erroneous interpretation of the rules and the precedential effect of the decision. However, in its order, the Board did not address either of these issues, which were the only issues before it. Instead, it made its own findings of fact: that plaintiff was guilty of insub-

ordination and was discharged for that reason.

#### A.

The factual basis for the firing of plaintiff was not an issue before the Board unless it could properly determine that the hearings officer's decision constituted an erroneous interpretation of the personnel rules. The interpretation or construction of a statute is a question of law, *Colorado Division of Employment & Training v. Parkview Episcopal Church*, 725 P.2d 787 (Colo.1986), as is the construction of a rule promulgated by an administrative agency. *See Pluss v. Department of Revenue*, 173 Colo. 86, 476 P.2d 253 (1970). Therefore, we may resolve this issue here.

■ The Department contends that the hearings officer erroneously interpreted the personnel rules in failing "to recognize that the personnel rules allow an appointing authority to treat an employee in non-career status (probationary status) differently than an employee who has obtained career status." The record does not support this contention.

Denver Career Service Authority Personnel Rule 5–61 provides:

"An employee in employment probationary status: 1) may be terminated ... at any time for any reason without cause *except for discrimination* as defined in Rule 19." (emphasis added)

Denver Career Service Authority Personnel Rule 19–10, paragraph (c) defines discriminatory action as "any action of any officer or employee resulting in alleged discrimination because of race, color, [etc]." Denver Career Service Authority Rule 19–21 gives *any* employee the right to appeal an alleged discriminatory act to the hearings officer.

Hence, the basic premise asserted by the Department is incorrect in that it overlooks the exception in Rule 5.61, which specifically protects a probationary employee from a discriminatory discharge, and puts a probationary employee on a parity with a career status employee when discrimination is at issue.

The hearings officer correctly interpreted the rules when he stated: "[T]he City has sought to protect their [sic] employees and, even though they are in effect, 'employees at will' during their probationary period, they may not be terminated, if that termination was the result of discrimination on the basis of race, color...." Thus, the department's misinterpretation contention is without merit.

#### B.

The Department's second contention is that the hearings officer's decision is of a precedential nature involving policy considerations that may have an effect beyond the case at hand. This contention is also a legal issue. We find no merit in this claim.

Not all decisions have precedential value. As stated in *People v. Texas Co.*, 85 Colo. 289, 275 P. 896 (1929): "[E]very opinion must be read in the light of its own facts, and it is decisive only of the matters involved." Likewise, in *Matter of Compensation of Bales*, 294 Or. 224, 656 P.2d 300 (1982), the court noted that: "The facts found upon the record and evidence in one case do not become a rule of law to be applied to the determination of the facts upon another record and other evidence."

The rule of law stated in *Gerstle v. Continental Airlines, Inc.*, 358 F.Supp. 545 (D.Colo.1973) is apposite here. There, the court said: "[T]he instant case [was] decided on the totality of the circumstances of the case and is not precedent for any other unlawful employment practice charges in other factual situations."

Thus, this ground asserted by the Department for overturning the hearings officer's decision is also without merit.

The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to reverse the order of the Board and to remand the cause to the Board with directions to affirm the hearings officer's decision.

SMITH and BABCOCK, JJ., concur.