**NEIGHBORS FOR A BETTER APPROACH, a Colorado non-profit corporation; the Upper Larimer Neighborhood Association; the Curtis Park Block Council; Michael D. Bisenius; and William West, Plaintiffs–Appellees,**

v.

**Dorothy NEPA, Zoning Administrator of the City and County of Denver; The Salvation Army; and Denver Rescue Mission, Defendants–Appellants.**

No. 86CA1822.

Colorado Court of Appeals,
Div. II.

Feb. 23, 1989.

Haddon, Morgan & Foreman, P.C., Harold A. Haddon, Saskia A. Jordan, Denver, for plaintiffs-appellees.

Sherman & Howard, Paul J. Schlauch, Steven D. Plissey, Denver, for defendant-appellant The Salvation Army.

Holland & Hart, Richard G. Caldwell, Theresa J. Collier, Denver, for defendant-appellant Denver Rescue Mission.

MARQUEZ, Judge.

The Salvation Army, the Denver Rescue Mission, and the Zoning Administrator, Dorothy Nepa, appeal the district court's judgment invalidating the Board of Adjustment's approval of Nepa's grant of permits for emergency housing facilities to the Salvation Army and the Denver Rescue Mission and dismissing the Salvation Army's counterclaim. We affirm in part, reverse in part, and remand with directions.

The Salvation Army and the Denver Rescue Mission applied for emergency housing facility permits. Following public hearings, Nepa determined that they satisfied the regulatory criteria. Neighbors for a Better Approach (Neighbors) sought review by the Board of Adjustment (Board), which affirmed Nepa's decision.

Neighbors then sought judicial review pursuant to C.R.C.P. 106(a)(4), naming the Board and Nepa as defendants. Defendants' answer raised an issue of failure to join indispensable parties. Thereafter, Neighbors moved to join the Salvation Army and the Denver Rescue Mission and this motion was granted. The Salvation Army counterclaimed for declaratory judgment on whether Denver's new shelter ordinance made this action moot. The district court ruled that Nepa and the Board had abused their discretion in interpreting the ordinance, remanded for correct determination, and dismissed the counterclaim.

## I.

Defendants contend that the district court erred in joining indispensable parties without a showing of good cause. We disagree.

An applicant for a zoning permit is an indispensable party to any proceeding challenging the application. *Board of County Commissioners v. Carter,* 193 Colo. 225, 564 P.2d 421 (1977).

An applicant for a use permit, like an applicant for a rezoning permit, is an indispensable party to a proceeding challenging the grant of the applications. C.R.C.P. 19(a). *See Thorne v. Board of County Commissioners,* 638 P.2d 69 (Colo.1981). Hence, the Salvation Army and the Denver Rescue Mission are indispensable parties to this proceeding.

C.R.C.P. 106(b) provides that a timely complaint may be amended at any time "for good cause shown" to add parties. Although Neighbors did not specifically allege good cause, the district court granted

the motion so that the merits could be heard and to avoid piece-meal litigation. In so doing, it did not abuse its discretion. *See Snow v. District Court,* 194 Colo. 335, 572 P.2d 475 (1978); *Scott v. Englewood,* 672 P.2d 225 (Colo.App.1983).

## II.

The Salvation Army and Denver Rescue Mission contend that the district court erred in finding as arbitrary and an abuse of discretion the Board's definition of the term "adjacent" in Denver Revised Municipal Code § 59–392 to mean "abutting or contiguous." We agree.

Denver Revised Municipal Code § 59–392(2)(f), then in effect, required consideration of "adjacent conforming residential properties" before a permit for a homeless shelter could be issued. Neighbors argued, in essence, that application of this phrase should include consideration of properties one or more blocks away from the sites the Salvation Army and Denver Rescue Mission sought to use.

Words and phrases should be given their ordinary meaning unless the context clearly indicates a different meaning. Denver Revised Municipal Code § 59–16(c); *National Optical Co. v. United States Fidelity & Guaranty Co.,* 77 Colo. 130, 235 P. 343 (1925).

The testimony of the zoning administrator on the interpretation of the zoning ordinance is significant because such administrative interpretation is entitled to deference by a reviewing court. *See Hewlett–Packard Co. v. State,* 749 P.2d 400 (Colo. 1988). Other provisions of the ordinance should be reviewed in order to construe the questioned section in context. *Humana, Inc. v. Board of Adjustment,* 189 Colo. 79, 537 P.2d 741 (1975).

■ "Adjacent" means very near and usually connotes contact. *National Optical Co. v. United States Fidelity & Guaranty Co., supra.* The zoning administra-tor testified that "adjacent" meant abutting and that is the way it has been applied in the past. When something other than adjacent is intended, other provisions of the zoning ordinance use terms such as "nearby" or "surrounding" property. Denver Revised Municipal Code §§ 59–54(3)2.4, 59–54(3)e.2, 59–54(3)i.7, & 59–54(3)j.3. Therefore, the Board was not arbitrary, nor did it abuse its discretion, in construing "adjacent" to mean "abutting or contiguous."

## III.

The Denver Rescue Mission also contends that the district court erred in requiring further findings as to off-street parking and the distance to other such facilities. We agree.

■ There was competent evidence in the record to support the Board's decision on each of these issues. Therefore, the trial court erred in holding to the contrary. *See Mellow Yellow Taxi Co. v. Public Utilities Commission,* 644 P.2d 18 (Colo.1982).

That portion of the judgment joining indispensable parties is affirmed. We find it unnecessary to address the propriety of the court's dismissal of the Salvation Army's counterclaim since this issue is moot. The balance of the judgment, however, is reversed and the cause is remanded with directions to enter judgment reinstating the Board's order affirming the grant of the permits.

SMITH and METZGER, JJ., concur.