**COMPREHENSIVE ADDICTION TREATMENT SERVICES, INC., a Colorado corporation, Irene Rosenfeld and Jerald V. Rosenfeld, Plaintiffs–Appellants.**

v.

**CITY AND COUNTY OF DENVER, a single body politic and corporate; Board of Zoning Adjustment for the City and County of Denver: Robert Booms, Charles Cousins, Catherine Cheeber, Ernest Capillupo and John Quintana, as members of the Board of Zoning Adjustment for the City and County of Denver; Dorothy Nepa, as Zoning Administrator for the City and County of Denver; L.M. Robertson, Jr., M.D., James Criswell, Ted Kittleson, Delfino Salazar and Pauline Salazar, as Appellants before the Board of Zoning Adjustment for the City and County of Denver, Defendants–Appellees.**

No. 88CA1839.

Colorado Court of Appeals,
Div. V.

Dec. 28, 1989.

As Modified on Denial of Rehearing
March 8, 1990.

Certiorari Denied Aug. 20, 1990.

Plaut Lipstein Cohen P.C., Evan S. Lipstein and Charles E. Mortimer, Jr., Lakewood, and Hochstadt, Straw & Strauss P.C., Richard S. Strauss, Denver, for plaintiffs-appellants.

L. Michael Henry, Denver, for defendants-appellees Criswell, Kittleson and Salazar.

L.M. Robertson, Jr., pro se.

Opinion by Judge RULAND.

Plaintiffs, Comprehensive Addiction Treatment Services, Inc., (C.A.T.S.), Irene Rosenfeld, and Jerald B. Rosenfeld, appeal from the judgment of the district court upholding the denial of a use permit for the operation of its methadone treatment facility. We reverse.

C.A.T.S. is a Colorado corporation formed and operated for the purpose of providing drug addiction treatment services. The Rosenfelds are the owners of the real property on which C.A.T.S. operates its facility. Defendants (objectors) are all property owners in the same area as the C.A.T.S. facility.

C.A.T.S. applied to the zoning administrator for the City and County of Denver for a use permit as either a clinic or an office. The administrator issued a use permit for an office as a use by right in the R–4 zone. The objectors appealed the administrator's decision, and a hearing was held before the board of zoning adjustment.

An "office" is defined in the ordinance as "a facility in which chattels or goods, wares or merchandise are not commercially created, displayed, exchanged or sold." Denver Revised Municipal Code 59–207(1)(y). The board determined that C.A.T.S. was not an office because it concluded that the drug program offered by C.A.T.S. has as its "primary purpose" the dispensation of methadone and that the therapy offered is a mere adjunct of methadone treatment. The board therefore ruled that the facility did not meet the requirements for an office because of the commercial sale of methadone. The board differentiated C.A.T.S. from other medical offices where medications are dispensed for a fee because of its "primary purpose" analysis.

C.A.T.S. appealed the board's decision to the district court, which upheld the board.

C.A.T.S. contends that the board abused its discretion by denying its application for a use permit. We agree.

The zoning administrator testified, in effect, that a medical office under the ordinance is interpreted to be an office in which health services are provided. Any products furnished to a patient, such as drugs, are construed to be included as part of the service. The administrator indicated that approximately 85% of the medical offices opened since 1956 have been operated under the classification of an office.

■ If, as here, the ordinance lacks specificity in addressing the use of products in performing a service, the zoning administrator's interpretation must be accorded significant weight. See Humana, Inc. v. Board of Adjustment, 189 Colo. 79, 537 P.2d 741 (1975). The record supports that interpretation as applied to C.A.T.S.

■ As an addiction treatment center, C.A.T.S. is licensed for the detoxification, withdrawal, or maintenance of addicts. See § 12–22–303(2), C.R.S. (1985 Repl.Vol. 5). Patients may not receive methadone until they are admitted to the program which, in turn, requires an examination and review of a medical history by the physician-director for the facility.

Once admitted, a patient is required to consume the methadone on the premises in the presence of a registered nurse, and, if the patient appears to be intoxicated, methadone is not administered. Further, as part of the treatment, counseling, therapy, and urine testing are also included.

Under these circumstances, we conclude that the district court erred in upholding the board's reversal. The office classification under the ordinance is not dependent upon a "primary purpose" analysis. Otherwise any specialized medical office which emphasized the use of only one medication in treatment of patients could be precluded from operation in the R–4 zone. The administrator's office has historically applied the service test, and there is nothing in the ordinance which precludes this interpretation. See Neighbors for a Better Approach v. Nepa, 770 P.2d 1390 (Colo.App. 1989).

Therefore, as the proposed use is one of right under the ordinance, the board abused its discretion in denying the permit. Denver Revised Municipal Code 59–54;

*Sherman v. Colorado Springs Planning Commission,* 680 P.2d 1302 (Colo.App. 1983).

In view of our disposition of the appeal, we need not address the equal protection contention asserted by C.A.T.S.

The judgment is reversed, and the cause is remanded with directions to enter judgment reversing the board's decision.

JONES and DUBOFSKY, JJ., concur.