**PLATTE RIVER ENVIRONMENTAL CONSERVATION ORGANIZATION, INC., a Colorado non-profit corporation, Equus Farms, Inc., a Colorado corporation, and Peter H. Coors, Plaintiffs-Appellants and Cross-Appellees,**

v.

**NATIONAL HOG FARMS, INC., a Colorado corporation, Defendant-Appellee and Cross-Appellant,**

and

**The Weld County Board of Adjustment, Defendant-Appellee.**

No. 89CA1592.

Colorado Court of Appeals, Div. II.

Dec. 20, 1990.

Brownstein, Hyatt, Farber & Madden, P.C., Andrew W. Loewi, Stanley L. Garnett, Wayne F. Forman, Margaret E. Porfido, Denver, for plaintiffs-appellants and cross-appellees.

Karowsky, Witwer & Oldenberg, Stow L. Witwer, Jr., Greeley, Davis, Graham & Stubbs, Bennett W. Raley, Denver, for defendant-appellee and cross-appellant Nat. Hog Farms, Inc.

Thomas O. David, Weld County Atty., Lee D. Morrison, Asst. County Atty., Greeley, for defendant-appellee Weld County Bd. of Adjustment.

Opinion by Judge ROTHENBERG.

Plaintiffs, Platte River Environmental Conservation, Inc., Equus Farms, Inc., and Peter H. Coors, appeal the judgment upholding the issuance of construction permits to defendant National Hog Farms, Inc. (National Farms). We affirm.

In October 1988, the Weld County Department of Planning Services (the department) issued permits allowing National Farms to build a swine production facility which, upon completion, would have a capacity for 192,000 swine. The department found that National Farms' activities were uses allowed by right under the Weld County Zoning Ordinance; thus, National Farms was not required to get a special review permit.

Plaintiffs appealed to the defendant Weld County Board of Adjustment contending that National Farms is a livestock confinement operation or an animal boarding facility and that it exceeds the bulk limitations requirement set by the county. Thus, plaintiffs claim that National Farms' activities were not uses by right but required a special review permit.

The Board denied plaintiffs' appeal, whereupon plaintiffs appealed the Board's decision to the district court pursuant to C.R.C.P. 106(a)(4). The district court affirmed.

### I.

Plaintiffs first argue that the trial court used an improper standard of review in upholding the Weld County Board of Adjustment. We disagree.

A trial court must set aside final orders of an administrative agency if the agency, in the exercise of its quasi-judicial authority, exceeds its jurisdiction or abuses its discretion. C.R.C.P. 106(a)(4). Abuse of discretion means that the decision under

review is not reasonably supported by any competent evidence in the record; that is, the decision is so devoid of evidentiary support that it is arbitrary and capricious. *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986).

In determining whether the administrative agency abused its discretion, the reviewing court may consider whether the agency misconstrued or misapplied the law. *Van Sickle v. Boyes*, 797 P.2d 1267 (Colo. 1990). If there is a reasonable basis for the agency's application of the law, the decision may not be set aside on review. *Lee v. State Board of Dental Examiners*, 654 P.2d 839 (Colo.1982).

Here, the trial court found competent evidence in the record to support the Board's decision, as well as a reasonable basis for the Board's interpretation of the ordinance. Accordingly, the trial court applied the proper standard of review.

## II.

Plaintiffs next argue that both the Weld County Board of Adjustment and the trial court misinterpreted the ordinance by finding that National Farms' activities are uses allowed by right. We disagree.

■ Weld County Zoning Ordinance §§ 31.2 and 31.3 list uses allowed by right in an agricultural district. These include farming (defined in part as the raising of livestock) and feeding livestock. Buildings used to confine livestock are allowed as an accessory use by right. However, if the facility exceeds the bulk requirements limitations, it must obtain a special review permit.

We find competent evidence in the record that National Farms' facilities are used for feeding, raising, and confining livestock. *See Ross v. Fire & Police Pension Ass'n*, *supra*. Thus, National Farms' activities are a use by right and it need not obtain a special review permit unless the facilities exceed bulk requirements limitations which permit twenty swine per acre in agricultural districts. *See* Weld County Zoning Ordinance § 31.5.4 and § 10 ("animal unit" definition).

■ The ordinance does not define the exact area to be considered in determining the bulk requirements limitations. Plaintiffs' position is that only the 2000 acres in which the hogs are confined may be used and National Farms is therefore limited to 40,000 swine (20 swine × 2000 acres).

National Farms' position is that its contiguous land holdings constitute one "lot" and its total acreage of 20,000 acres should be used. Therefore it is entitled to raise 400,000 swine (20 swine × 20,000 acres).

Generally, the courts defer to the construction of a statute by the administrative officials charged with its enforcement. *Redin v. Empire Oldsmobile, Inc.*, 746 P.2d 52, 54 (Colo.App.1987). In a 1989 letter sent to the Board, the director of the Weld County Department of Planning Services agreed with National Farms:

> *"The Department of Planning Services calculates the maximum number of animals permitted by right ... by taking the total acres of contiguous land holdings of the property* and multiplying it by four animal units per acre.... [Therefore,] using the bulk requirements identified in the zoning ordinance and the number of acres National Farms owns and leases, it is permitted to have 398,-640 swine. (19,932 acres times four animal units equals 79,728 animal units or 398,640 swine. Five swine equal one animal unit.)

> . . . .

> The Department of Planning Services has historically and consistently allowed a property owner to locate or concentrate the total number of animal units permitted as a use by the right anywhere on the *total contiguous land holdings."* (emphasis added)

Also, when interpreting an ordinance, the court may review its other provisions in order to construe the disputed section in context. *Neighbors For A Better Approach v. Nepa*, 770 P.2d 1390 (Colo.App. 1989). In Weld County Zoning Ordinance § 31.5 regarding "Bulk Requirements," the ordinance sets out the minimum lot size

allowed for land in agricultural districts. Weld County Zoning Ordinance Section 10.1 defines a lot as:

> "The basic development unit, an area that the planning department must consider with fixed boundaries, used or intended to be used by one building and its accessory uses, structures and/or buildings. *A lot shall not be divided by any public highway [or] street....*" (emphasis added)

Under this definition, National Farms' total contiguous land holdings constitute one lot for the purpose of applying bulk requirements limitations.

We therefore conclude that the county board and the trial court correctly interpreted the ordinance by finding that National Farms may raise up to 398,640 swine without exceeding the bulk requirements and without obtaining a special review permit.

### III.

Plaintiffs next argue that the court erred in finding that National Farms' facility is not a livestock confinement operation which is required to get a special use permit. We disagree.

The Weld County Zoning Ordinance § 31.4.2 lists certain uses by special review in an agricultural district which includes livestock confinement operations. However, since we have already concluded that National Farms' activities are uses allowed by right, the special use section cited by plaintiff is inapplicable.

### IV.

 Plaintiffs final argument is that the trial court erred in finding that National Farms is not an animal boarding facility. Again, we disagree.

Animal boarding is a use by right provided that the maximum number of animal units permitted is not exceeded (here, 20 swine per acre) *and* that vehicular traffic generated by the animal boarding is under sixty trips per day to and from the property. *See* Weld County Zoning Ordinance §§ 10.1; 31.2.20; and 31.4.2.

We have already held that National Farms has not exceeded the maximum number of animal units. Since there is no competent evidence in the record that vehicular traffic will exceed sixty trips per day, we agree with the trial court that, even if National Farms is an animal boarding facility, there is no basis for prohibiting that operation.

In view of our ruling here, we need not address National Farms' cross-appeal.

The judgment is affirmed.

SMITH and DUBOFSKY, JJ., concur.