899 P.2d 373 (1995)
James J. CRUZEN, Plaintiff-Appellant,
v.
CAREER SERVICE BOARD OF the CITY AND COUNTY OF DENVER; Howard Rosenberg, Alford Wood, Connie Bragg, Robert Braun, and Diane Nino, as members of the Career Service Board; Margot W. Jones, in her official capacity as Hearing Officer for the Career Service Board; Tom Moe, Manager of the Department of Health and Hospitals; and Edmund Casper, Director of the Alcohol, Drug and Psychiatric Service of the Department of Health and Hospitals, Defendants-Appellees.
No. 94CA0578.
Colorado Court of Appeals, Div. I.
June 15, 1995.
*374 Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Walter C. Brauer, III, Ellen M. Kelman, Denver, for plaintiff-appellant.
Daniel E. Muse, City Atty., J. Wallace Wortham, Jr., Asst. City Atty., Denver, for defendants-appellees.
Opinion by Judge MARQUEZ.
Plaintiff, James J. Cruzen, appeals from a district court judgment affirming the decision of the Career Service Board of the City and County of Denver (Board) to uphold plaintiff's dismissal from his position as a Denver Career Service employee. We affirm.
Plaintiff, a psychiatrist employed at Denver General Hospital, was dismissed by the Department of Health and Hospitals (Agency) after receiving a "not effective" rating in three successive performance evaluations. Plaintiff filed grievances for his second and third "not effective" ratings and hearings on the appeals of those grievances were consolidated with the appeal hearing for his dismissal before the Board's hearing officer.
The hearing officer determined that plaintiff failed to perform effectively during three successive rating periods and that the Agency's decision to dismiss plaintiff was sustainable. The hearing officer dismissed the appeal with prejudice and plaintiff appealed to the Board. The Board granted his petition to reopen and reconsider the hearing officer's decision. Upon reconsideration, however, the Board upheld the hearing officer's decision.
Plaintiff subsequently filed a complaint pursuant to C.R.C.P. 106(a)(4). After initially ordering the Board to make additional findings of fact and conclusions of law, the district court ultimately entered judgment affirming the action of the Board. This appeal followed.

I.
Plaintiff first contends that the district court erred when it affirmed the finding of the hearing officer and the Board that there had been just cause for his dismissal despite the hearing officer's finding that the Agency had violated Denver Career Service Authority (CSA) Rule 13-10, pertaining to the use of a performance rating as a substitute for disciplinary action. We disagree.
*375 Relief may be obtained in the district court from a final order of an administrative agency if the agency, in the exercise of its quasi-judicial authority, exceeds its jurisdiction or abuses its discretion, and there is no plain, speedy, and adequate remedy otherwise provided by law. C.R.C.P. 106(a)(4).
Judicial review pursuant to C.R.C.P. 106(a)(4), therefore, permits a district court to reverse a decision of an inferior tribunal if there is no competent evidence to support the decision. "No competent evidence" means that the ultimate decision of the administrative body is so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority. Ross v. Fire & Police Pension Ass'n, 713 P.2d 1304 (Colo.1986).
Further, in determining whether the administrative agency abused its discretion, the reviewing court may consider whether the agency misconstrued or misapplied the law. If there is a reasonable basis for the agency's application of the law, the decision may not be set aside on review. Platte River Environmental Conservation Organization, Inc. v. National Hog Farms, Inc., 804 P.2d 290 (Colo.App.1990).
As applicable here, CSA Rule 13-10 provides:
In no event shall an employee's employment performance rating be a substitute for disciplinary action under Rule 16 DISCIPLINE. It may be used, however, to establish attempted non-disciplinary corrective action in support of subsequent disciplinary action under Rule 16 DISCIPLINE for unsatisfactory work performance.
CSA Rule 16 governs discipline of Agency employees. CSA Rule 16-22 provides in pertinent part:
Although the supervisor may impose a lesser penalty, the following shall be just cause for immediate dismissal:

....
(21) Protracted failure to meet established standards of performance in three successive rating periods.
Further, CSA Rule 16-31 states in part: "Wherever practicable, discipline shall be progressive; however, any measure may be used in any given situation, as appropriate." And, CSA Rule 16-32 lists dismissal as one of four disciplinary measures.
Relying on the hearing officer's statement that the Agency violated CSA Rule 13-10 by using his evaluations as a substitute for disciplinary action, plaintiff argues that such a violation means there was no just cause for his dismissal. Although the hearing officer did not consider this in making her final determination, she noted in her conclusions of law:
[D]ismissing a ten[-]year employee, under the provisions of [CSA Rule] 16-22(21), when the employee has no disciplinary record, violates [CSA Rule] 13-10. [CSA Rule] 13-10 provides that `In no event shall an employee's performance rating be a substitute for disciplinary action under Rule 16 Discipline.' Without doubt, in this case, the [evaluation] is used as a substitute for discipline.
In the proceeding before the district court, however, the Board contended that the hearing officer misinterpreted the CSA Rules. The court agreed with the Board:
Under [CSA Rule] 13-10 substandard performance ratings may be used as nondisciplinary corrective actions in support of a subsequent disciplinary action, e.g. dismissal.... In summary, `dismissal' is a `measure of discipline' under [CSA Rule] 16-32 and may be imposed `as appropriate' without progressive discipline under [CSA Rule] 16-31. Accordingly, the Court concludes that the hearing officer erred in interpreting the rules to require that disciplinary action was a precondition to dismissal for three successive substandard performance ratings.
In light of the other provisions in the CSA Rules considered by the district court, we agree that the hearing officer misconstrued CSA Rule 13-10. See Van Sickle v. Boyes, 797 P.2d 1267 (Colo.1990) (in a C.R.C.P. 106(a)(4) proceeding, the reviewing court may consider, in determining the existence of an abuse of discretion, whether the hearing *376 officer misconstrued or misapplied the law); O'Neill v. Department of Revenue, 765 P.2d 590 (Colo.App.1988) (construction of rule promulgated by administrative agency is a question of law which can be resolved on review). We thus conclude that the Board neither exceeded its jurisdiction nor abused its discretion.
Here, the hearing officer, after hearings on four separate days, made detailed findings of fact regarding plaintiff's employment history with the Agency. The hearing officer found that, during plaintiff's employment at the hospital, his duties changed frequently as a result of the difficulty he had performing his job duties; that he failed to complete evaluations punctually and adequately for the Department of Social Services (DSS); that plaintiff maintained he needed additional training in order to complete the outstanding DSS evaluations, which were considered standard or remedial work for a physician of plaintiff's experience; that plaintiff's work for DSS was ultimately terminated when DSS refused to refer patients to him for evaluation; that he failed to meet goals related to the timely and expeditious disposition of patients in the emergency room; that he failed to arrive punctually for work and to respond to calls from the nursing staff for assistance; that he failed to reach decisions with regard to the appropriate medical disposition of patients; and that, after receiving three successive "not effective" ratings, plaintiff was dismissed from employment as a result of his violation of CSA Rule 16-22(21).
The personnel records included in the record on appeal support the hearing officer's findings. Moreover, the district court noted that plaintiff "recognizes that there is evidence in the record to support the three successive `not effective' ratings which were the basis for his dismissal under [CSA Rule] 16-22(21) and does not contend that the hearing officer abused her discretion by making either evidentiary or ultimate findings that were unsupported by competent evidence."
Under these circumstances, we conclude that there is competent evidence to support the determination of the hearing officer and the Board.
As a result of our conclusion as to this issue, we need not address plaintiff's contention that the hearing officer erred in refusing to consider the violation of CSA Rule 13-10 because plaintiff did not plead it.

II.
Plaintiff next contends that the district court erred when it affirmed the findings of the hearing officer and the Board that the failure of the Agency to give him the two-day notice required by the Board's rules before issuing his second "not effective" rating was harmless error and that the pre-termination meeting conducted by one of his supervisors complied with the Board's rules. We reject this contention.
CSA Rule 13-60 requires the Agency, if the anticipated rating is lower than "effective," to advise the employee of the anticipated rating at least two working days in advance. The hearing officer found that this rule had not been followed with respect to the second "not effective" rating, but that plaintiff availed himself of the grievance procedure with regard to that rating. In the first meeting concerning the grievance, plaintiff was not prepared to provide information regarding the grievance, so a second meeting was held at which the plaintiff, who was represented by two attorneys, was given the opportunity to discuss his rating with the deputy manager of medical affairs. The grievance was ultimately denied, plaintiff appealed, and the hearing officer heard the appeal of the denial at the consolidated hearing.
On these facts, the hearing officer concluded that, although technical compliance with CSA Rule 13-60 was lacking, plaintiff was provided with the substantial equivalent of the due process contemplated by that rule. The district court agreed, citing Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (the formality of procedural requisites can vary depending upon, among other things, the nature of subsequent proceedings).
CSA Rule 16-81 requires that a pre-disciplinary meeting be held before an employee with career status is suspended or dismissed, *377 and CSA Rule 16-82(a)(4) provides that, before a pre-disciplinary meeting, the affected employee shall be notified in writing of the purposes of the meeting, which are:
(a) to allow the employee to correct any errors in the agency's information or facts upon which it proposes to take disciplinary action, and
(b) to allow the employee to tell his or her side of the story and present any mitigating information as to why the proposed action should not be taken....
CSA Rule 16-82(d)(2) provides:
Since the [pre-disciplinary] meeting technically is not `adversarial,' there is no need for the following:
(a) justification to the employee or his or her representative for proposing the disciplinary action;
(b) testimony by or cross examination of witnesses;
(c) testimony under oath; or
(d) recording of the proceedings by a court reporter or a tape recorder.
Plaintiff asserts that the June 1991 pre-disciplinary meeting was part of the appeal process for the second and third performance ratings and that those appeals were not complete at the time of his termination. We reject these assertions.
CSA Rule 13-50 provides:
An employee may file a grievance pursuant to Rule 18 GRIEVANCE PROCEDURE, and may appeal that grievance in accordance with Rule 19 APPEALS, insofar as it relates to Performance Enhancement Program Reports, but may not grieve or appeal the Performance Enhancement Program, as such.
CSA Rule 19-21(c) provides:
An employee may appeal the grievance of an Employee Performance Report in accordance with paragraph 19-10(e).
CSA Rule 19-10(e) provides in part:
If the grievance of [a] Performance Enhancement Program Report is appealed to the Career Service Hearing Officer, the only basis for reversal of the Performance Enhancement Program Report shall be an express finding that the rating was arbitrary, capricious, and without rational basis or foundation.
CSA Rule 19-25 sets forth the manner in which the hearing officer is to conduct hearings. Under this rule, parties have the right to be present, to be represented, to present evidence and witnesses, and to cross-examine other witnesses. CSA Rule 19-27 obligates the hearing officer to issue a decision in writing containing findings on each issue. This decision may be appealed to the Career Service Board, which may reopen and reconsider the decision. CSA Rules 19-31 and 19-44.
With respect to the pre-disciplinary meeting, which in this case was a pre-termination meeting, the hearing officer found the following. Plaintiff was given notice by letter that the Agency was considering taking disciplinary action against him for violation of CSA Rule 16-22(21). This letter, which plaintiff admits receiving, advised that a meeting would be held to consider any mitigating circumstances and to provide plaintiff an opportunity to respond. At the meeting, plaintiff, who was represented by counsel, was advised that the purpose of the meeting was to ensure that he understood the letter he received. He was, however, precluded from presenting information regarding the factual circumstances giving rise to the "not effective" ratings.
Although the pre-disciplinary meeting procedure set forth in CSA Rule 16-82(c) includes "giving the employee an opportunity to respond," CSA Rule 16-82(d) states that the meeting is technically not "adversarial." The hearing officer interpreted CSA Rules 16-82(a)(4) and 16-82(d)(2) to mean that the purpose of the pre-disciplinary meeting was to determine if plaintiff had information relevant to the question whether disciplinary action should be taken against him for the failure to meet established standards of performance in three successive rating periods, and not to consider the underlying facts of the individual performance ratings, since meetings and grievance procedures had been conducted for that purpose.
The hearing officer found that plaintiff was not denied the opportunity to present information *378 relevant to this point, but was prevented from presenting information which was not pertinent. The hearing officer further found that plaintiff was afforded the opportunity during the grievance process to discuss his rating with his supervisors, with his representatives present, and to gain an understanding of the information upon which the rating was based.
The district court again found competent evidence in the record to support the factual findings of the hearing officer, and determined that the hearing officer's interpretation of the CSA Rules relating to the pre-disciplinary meeting, to the effect that the meeting does not encompass relitigation of matters which are the subject of grievance procedures, was not plainly erroneous or inconsistent with the language of the rules. We agree with the district court.
The judgment is affirmed.
CASEBOLT and VAN CISE[*], JJ., concur.
NOTES
[*] Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1994 Cum.Supp.).